197 P.3d 291 (2008)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of L.O.L., a Child, Appellant, and
Concerning J.B.L. and G.A., Respondents.
No. 08CA0402.
Colorado Court of Appeals, Div. II.
October 30, 2008.
*292 Hal B. Warren, County Attorney, Katherine E. Gregg, Assistant County Attorney, Denver, Colorado, for Petitioner-Appellee.
Meinster & Meinster, P.C., Barry Meinster, Conifer, Colorado; Mary McWilliams, Brighton, Colorado, for Appellant.
Holden Law Office, PLLC, Leta R. Holden, Denver, Colorado, for Respondent J.B.L.
No Appearance for Respondent G.A.
Opinion by Judge TAUBMAN.
The child, L.O.L., through her guardian ad litem (GAL), appeals the order denying the motion to terminate her parent-child relationship with J.B.L. (mother). We dismiss the appeal as moot in part, reverse the order as to the applicable burden of proof, and remand for further proceedings, if warranted.

I. Factual and Procedural Background
The Adams County Department of Social Services (the department) filed a dependency and neglect petition on L.O.L.'s behalf and removed her from parental custody after the child's father caused her to suffer a brain injury.
Almost one year later, the department filed a motion to terminate parental rights alleging that despite mother's compliance with the treatment plan, all therapeutic efforts to re-establish the bond between mother *293 and child had failed. After receiving testimony, the court denied the motion. This appeal followed.
Following our review of the petitions submitted, the record, and the lower court's register of actions, we requested additional briefing from the department and the GAL on the issue of mootness, because since the petition was filed, L.O.L. had been returned to mother's custody. See C.A.R. 3.4(j). We additionally requested that mother, who had not previously responded, address the mootness issue and respond to all issues raised by the GAL. The GAL has responded that the matter is not moot. Mother asserts the matter is moot. The department contends the matter is moot as to the termination of parental rights, but the alleged errors should be addressed because they are capable of repetition, yet will evade review.
Further review of the trial court record, of which we have taken judicial notice, shows that L.O.L. has been in mother's custody since June 2008, and at the September review hearing, all parties, including the GAL, agreed with the recommendation to keep the child with mother. See CRE 201.

II. Mootness
At the outset, we note that we have jurisdiction to review an order refusing to terminate parental rights. See § 19-1-109(2)(b), C.R.S.2008. However, no reported appellate decision addresses the question whether an appellate court should decline to rule on certain issues in these circumstances on the grounds of mootness. Having asked the parties to submit supplemental briefs on this question, we now address it.
We agree with the department and mother that the issue of termination of parental rights is technically moot, but that the issue of the correct burden of proof should be addressed because it is capable of repetition in a context that will evade review.
A case is moot when the relief sought, if granted, would have no practical legal effect on an existing controversy. Bruce v. City of Colorado Springs, 971 P.2d 679, 683 (Colo.App.1998). When issues presented in litigation become moot because of subsequent events, an appellate court will decline to render an opinion on the merits of an appeal. People in Interest of Yeager, 93 P.3d 589, 592 (Colo.App.2004).
However, we may consider an otherwise moot issue when it is capable of repetition yet will evade review. People in Interest of K.A., 155 P.3d 558, 560 (Colo.App.2006) (division addressed arguably moot issue that was capable of repetition, yet evading review). This is particularly true when the period of time between the filing of the petition on appeal and the possibility of the return of the child to parental custody is short. See Tesmer v. Colo. High Sch. Activities Ass'n, 140 P.3d 249, 252 (Colo.App.2006) (completing litigation unlikely when the duration of a high school sports season usually is only a few months); People in Interest of Hoylman, 865 P.2d 918, 920, (Colo.App.1993) (matter unlikely to be litigated during party's short-term hospitalization).
The GAL argues the matter is not moot because the order to return L.O.L. to mother's custody arose only because the court erroneously denied the motion to terminate. However, regardless of how the current custody order. arose, the child is now residing with mother, and no party, including the GAL, believes termination of parental rights is appropriate at this time. To the contrary, all parties believe the child should remain in mother's custody.
Moreover, regardless of the reason that the child was returned home, and even assuming the trial court was able to enter that order because of an erroneous ruling at the termination hearing, remand to the trial court for entry of new findings based on the record as it existed at the time of the termination hearing would be inappropriate, because the child has been successfully returned to mother's custody. See In re Marriage of Francis, 919 P.2d 776, 786 (Colo.1996) (when significant time has elapsed following the entry of the trial court order that is the subject of the appeal, new evidence may be needed concerning the parties' current circumstances), superseded by statute on other grounds, § 14-10-129, C.R.S.2008; see also In re Vincent M., 161 *294 Cal.App.4th 943, 74 Cal.Rptr.3d 755, 768 (2008) (reversal of the order will not return the hearing to the same point in time at which it was first held because the focus of the hearing must always be on the child's best interests; the new hearing would require evidence as to the current status of the child). Thus, we disagree with the GAL's contention in the supplemental brief that the case is not moot.
To show the matter is not moot, the GAL must offer facts in the supplemental brief demonstrating a current basis to terminate parental rights such that our ruling would have a practical effect. The GAL has not done so and has conceded in the trial court that the child should remain with mother. Thus, because no party intends to seek termination of parental rights at this time, and on the record of the first hearing there is no apparent present factual basis to seek termination, our resolution will have no practical effect on the existing controversy. See Bruce v. City of Colorado Springs, 971 P.2d at 683. Accordingly, we need not address the issues the GAL raises on appeal concerning the trial court's (1) reliance on its own experience instead of expert testimony, (2) judicial notice of matters not in evidence, (3) abuse of its discretion in admitting certain evidence and in speaking ex parte with a department employee, and (4) failure to make sufficient findings regarding the statutory criteria. However, if on remand either the GAL or the department believes that circumstances exist to support a motion to terminate, nothing in this opinion should be read to foreclose any such a motion.
Nonetheless, we conclude that whether the trial court made its decision using the wrong burden of proof is an issue that is capable of repetition yet may evade review, and therefore, we address that issue on its merits.

III. Burden of Proof
The GAL asserts the trial court erred in requiring the department to present evidence beyond a reasonable doubt to prove its motion to terminate. We agree that the court applied an incorrect burden of proof and therefore reverse that aspect of the order denying the motion to terminate.
If the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901 to 1963 (2001), applies, the statutory criteria for termination of the parent-child legal relationship must be established by proof beyond a reasonable doubt. 25 U.S.C. § 1912(f) (2001). However, if it does not apply, the statutory criteria for termination of the parent-child legal relationship must be established by clear and convincing evidence. People in Interest of A.M.D., 648 P.2d 625, 631 (Colo.1982).
Here, the court stated that it was denying the motion to terminate because it could not make the findings to terminate parental rights beyond a reasonable doubt. However, even though mother asserted she might have Indian heritage and notice was sent to the relevant tribes, the record does not show that L.O.L. was a member of, or was eligible to be a member of, any Indian tribe. Thus, the court erred by using the burden of proof required by the ICWA. See 25 U.S.C. § 1912(a), (f) (2001); A.M.D., 648 P.2d at 631.
Under the ICWA, a termination hearing may occur ten days after the relevant tribes receive notice. If no tribe indicates it wishes to intervene within that time, the court should not use the higher burden of proof, because there is no evidence that the child is an Indian child. See 25 U.S.C. §§ 1903(4), 1912(f) (2001); People in Interest of A.G.-G., 899 P.2d 319, 321 (Colo.App.1995) (until the party asserting the applicability of the ICWA establishes, on the record, that the child is an Indian child, the ICWA is not applicable); In re Adoption of C.D., 751 N.W.2d 236, 240 (N.D.2008) (the ICWA's heightened standards for termination of parental rights apply only if an Indian child, as defined in the ICWA, is involved, and the court must make a threshold determination that an Indian child is involved in the case). Here, because more than ten days had elapsed after the receipt of notice, at least two tribes had responded that the child was not eligible for enrollment, and no tribe indicated the child was an Indian child, the court *295 erred by using the ICWA standard of proof beyond a reasonable doubt.
Mother asserts the court used the correct standard of proof because she had provided a copy of her grandfather's death certificate to the department, which we infer to be an argument under section 19-1-126(1)(a), C.R.S.2008, that the department did not make statutorily required continuing efforts to determine whether the child is an Indian child. However, although the department has such an obligation, the fact nonetheless remains that no tribe responded within the statutory time stating the child was an Indian child within the meaning of the ICWA. Therefore, as of the date of the termination hearing, the court could not conclude that the child was an Indian child. See 25 U.S.C. §§ 1903(4), 1912(f); A.G.-G., 899 P.2d at 321. Accordingly, if the department did not make continuing efforts to determine whether L.O.L. was an Indian child based on the grandfather's death certificate, mother should have sought a continuance to require the department to send proper notice with the information in its possession. Because mother did not do so, the trial court was required to apply the clear and convincing burden of proof at the termination hearing. See A.M.D., 648 P.2d at 631.
Based on these errors, we reverse the court's order to the extent it determined the ICWA burden of proof should apply. However, we do not direct the court to hold a new termination hearing based on the facts as they existed. As discussed, should any party believe a motion to terminate is warranted, such motion must be based on current circumstances. See Francis, 919 P.2d at 786; Vincent M., 74 Cal.Rptr.3d at 768.

IV. Other Issues
The child has raised several other issues. However, because mother currently has custody of the child, we decline to address them on appeal, as it is unlikely they will arise on remand and are therefore moot. See Yeager, 93 P.3d at 592.
The order is reversed to the extent it determines that the higher ICWA burden of proof should apply in these circumstances. The appeal is dismissed as moot in all other respects, and the case is remanded to the trial court for further proceedings as warranted.
Judge ROY and Judge BERNARD concur.