**The PEOPLE of the State of Colorado, In the Interest of T.M.W. and S.A.W., Children,**

**Upon the Petition of the Denver Department of Human Services, Petitioner–Appellee,**

and

**Concerning B.M.S–J., Respondent–Appellant.**

**Nos. 08CA2335, 08CA2336.**

Colorado Court of Appeals, Div. I.

April 2, 2009.

David R. Fine, City Attorney, Laura G. Eibsen, Assistant City Attorney, Denver, Colorado, for Petitioner–Appellee.

Susan P. Halloran, Littleton, Colorado, for Respondent–Appellant.

Opinion by Judge ROMÁN.

In these appeals consolidated for purposes of this opinion, B.M.S–J. (mother) appeals from the judgments terminating the parent-child legal relationship between her and her sons, T.M.W. (08CA2335) and S.A.W. (08CA2336). We vacate and remand with directions.

## I. Background

A petition (07JV15/08CA2335) was filed in January 2007 concerning the older child, T.M.W., when he was five months old. According to the petition, while T.M.W. was in mother's care he suffered a severe gash requiring four stitches, mother did not seek medical attention for him, and mother stated she could not care for him. The second petition (08JV191/08CA2336) was filed one year later after mother's younger son, S.A.W., was born during the pendency of the first action.

Mother entered no-fault admissions to both petitions and the children were placed with the paternal grandparents. The Denver Department of Human Services (Department) initially sought an allocation of parental responsibilities to grandparents, but later pursued termination. The juvenile court entered identical, but separate, judgments concerning each child in October 2008.

## II. Applicability of the Indian Child Welfare Act (ICWA)

■ The juvenile court found at the termination hearing that "this is not an ICWA case" because "[m]other had made some indication that she was of American Indian heritage; however, she is not enrolled and has not followed through to see if she could be enrolled." The court made no findings whether the ICWA notice requirement was met, but the parties were given an opportunity on appeal to address this issue.

■ Whether the notice requirement of the ICWA was satisfied is a question of law, which this court reviews de novo. See In re TM, 245 Mich.App. 181, 628 N.W.2d 570, 572 (2001).

In the older child's case, based on mother's belief that the father might have been a member of the Cheyenne River Sioux Tribe as well as the Rosebud Sioux Tribe, the Department represented that it sent ICWA notices to both tribes.

The record in the case concerning the older child contains an October 2007 pretermination notice filed with responses from the Rosebud Sioux Tribe stating that the older child did not meet the eligibility requirements for enrollment and that the tribe did not plan to intervene. However, the record does not contain a notice or response from the Cheyenne River Sioux Tribe, and the People concede that notice regarding the younger child was not sent to either tribe.

■ Tribal membership is not defined by the ICWA. Instead, each Indian tribe has the authority to determine its membership criteria and to decide who meets those criteria. People in Interest of J.A.S., 160 P.3d 257, 260 (Colo.App.2007).

Under 25 U.S.C. § 1912(a) (2001) and section 19–1–126(1)(a)–(b), C.R.S.2008, if the state knows, or has reason to know or believe, that an Indian child is involved, it must provide notice to the Indian child's tribe by registered mail, with return receipt requested, of the pending proceedings and of the tribe's right to intervene. B.H. v. People in Interest of X.H., 138 P.3d 299, 302 (Colo. 2006). Notice must be received at least ten days before the hearing in involuntary proceedings in which a party seeks to place a child in foster care or to terminate parental rights. People in Interest of J.O., 170 P.3d 840, 842 (Colo.App.2007).

■ A tribe does not waive its right to intervene or corresponding right to receive notice, unless it explicitly states that it will

not intervene. *People in Interest of S.R.M.,* 153 P.3d 438, 442–43 (Colo.App.2006). Contrary to the Department's argument, the court may not rely on notice that was given to a tribe concerning a sibling to determine another child's membership in, or eligibility to enroll in, the tribe. *See In re Desiree F.,* 83 Cal.App.4th 460, 99 Cal.Rptr.2d 688, 696 (2000) (relying upon a letter concerning a sibling does not satisfy the affirmative duty to inquire regarding the particular child before the court because a determination of tribal membership is made on an individual basis and blood quantum is not determinative). That is so even if the siblings have the same parents, as is the case here, because the tribe is free to change its enrollment criteria at any point. *See B.H.,* 138 P.3d at 303 (each tribe has the authority to determine its membership criteria); *J.A.S.,* 160 P.3d at 260 (same).

Because it is undisputed in both appeals that the proper notices were not sent to all relevant tribes, the judgments must be vacated and the cases remanded so that notice may be given in accordance with the provisions of the ICWA and the Children's Code. If either child is determined to be an Indian child, the juvenile court must proceed in accordance with the ICWA. *See J.O.,* 170 P.3d at 844.

Because the juvenile court may determine after proper notice is sent that the ICWA does not apply, we address the merits of the appeals.[1]

## II.  Reasonable Efforts

Mother asserts that the Department did not make reasonable efforts to reunite her with the children because it did not implement in-home services after such services ended two months after the treatment plan in the first case was adopted. We conclude that mother waived this issue by not bringing any perceived deficiency of reasonable efforts to the juvenile court's attention.

The state must make "reasonable efforts" to prevent the placement of abused and neglected children out of the home and to reunify the family whenever appropriate. § 19–3–100.5(1), C.R.S.2008; *see* §§ 19–1–103(89), 19–3–604(2)(h), C.R.S.2008; *L.L. v. People,* 10 P.3d 1271, 1275 (Colo.2000); *People in Interest of A.J.H.,* 134 P.3d 528, 533 (Colo.App.2006). Among the efforts required is the provision of necessary and appropriate services, which, under an individual case plan, may include home-based services if there is funding. § 19–3–208(2)(d)(VII), C.R.S.2008.

However, it is the parent's responsibility to assure compliance with and success of the treatment plan. *People in Interest of C.T.S.,* 140 P.3d 332, 335 (Colo.App.2006). "[B]ecause it is a parent's responsibility to secure compliance with and success of a treatment plan, he or she must bring any perceived deficiency in the [D]epartment's efforts to rehabilitate and reunite the family to the trial court's attention." *People in Interest of D.P.,* 160 P.3d 351, 355 (Colo.App. 2007). This can be at a review or other court hearing prior to the termination hearing. *Id.*

Here, mother did not bring any perceived deficiency in the Department's efforts to rehabilitate and reunite the family to the juvenile court's attention. Her failure to do so results in a waiver of her right to raise the reasonable efforts issue on appeal. *See id.; People in Interest of T.E.H.,* 168 P.3d 5, 8–9 (Colo.App.2007).

The judgments are vacated, and the cases are remanded with instructions that notice be given in accordance with the provisions of the ICWA and the Children's Code. The juvenile court's judgments terminating parental rights shall be reinstated and stand affirmed

---

1.  The limited remand approach is well adapted to dependency and neglect cases involving terminations of parental rights in which the only error is defective ICWA notice. This approach allows the juvenile or district court to regain jurisdiction over the dependent child and determine the one remaining issue. Because the parties have already litigated all other issues, it is not necessary to have a new parental termination hearing. *See J.O.,* 170 P.3d at 844; *see also In re Francisco W.,* 139 Cal.App.4th 695, 43 Cal.Rptr.3d 171, 177 (2006) ("The limited reversal disposition in defective notice ICWA appeals is in keeping with the public policy of our child dependency scheme, which favors prompt resolution of cases.").

if it is ultimately determined, after proper notice, that either child is not an Indian child.

Judge TAUBMAN and Judge LICHTENSTEIN concur.