210 P.3d 494 (2009)
The PEOPLE of the State of Colorado,
In the Interest of N.D.C., a Child,
Upon the Petition of the Denver Department of Human Services, Petitioner-Appellee, and
Concerning P.R.D., Respondent-Appellant.
No. 08CA2304.
Colorado Court of Appeals, Div. I.
April 30, 2009.
*496 David R. Fine, City Attorney, Laura Grzetic Eibsen, Assistant City Attorney, Denver, Colorado, for Petitioner-Appellee.
Terry Ross, Denver, Colorado, for Respondent-Appellant.
Opinion by Judge ROMÁN.
P.R.D. (mother) appeals from the judgment terminating her parent-child legal relationship with her daughter, N.D.C. She asserts the judgment should be reversed because (1) the Denver Department of Human Services (the department) did not send notice to her tribe, the Oglala Sioux (the tribe), in compliance with the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901 to 1963 (2001); and (2) the juvenile court did not comply with several substantive provisions of the ICWA. We conclude (1) the department erred by not filing the notices or the return receipt cards with the court and such errors were not harmless because there was no evidence in the record that the tribe knew mother was an enrolled tribal member or had lived on the reservation; and (2) the subsequent notices sent by the department did not comply with the ICWA.
We therefore vacate the judgment and remand for proper notices provided in this opinion.
We also address mother's other issues in case they arise on remand. We conclude that if, on remand, the tribe does not seek to intervene or indicate that N.D.C. is eligible for enrollment, the court need not apply the substantive ICWA standards.

I. Factual and Procedural Background
The department filed a petition on N.D.C.'s behalf because her living situation was unsafe. At the shelter hearing, mother stated she was enrolled in the tribe, but she did not have her enrollment number. However, although the department asserts proper notice was sent to the tribe, it concedes it did not file copies of any notices or return receipt cards with the court.
At the termination hearing, the caseworker testified that, shortly before the hearing, she spoke with the tribe's enrollment director on more than one occasion, who indicated N.D.C. was "not eligible" to enroll because the tribe had received no paperwork showing she was eligible to do so. Based on that statement, and the fact that the tribe had not sought to intervene, the court found the case was not an ICWA case. Both parents separately appealed.
After reviewing the petitions, the responses, and the record, this court issued an order to show cause, requiring the department to file copies of any notices, return receipt cards, and correspondence from the tribe with this court and the juvenile court. We also required the parties to brief the issue of whether the failure to file the notices and return receipt cards with the juvenile court constituted reversible error. Only the department responded. It filed four copies of notices sent to the tribe, but no correspondence from the tribe.

II. Notice

A. Filing Requirements
Mother asserts the judgment must be reversed because the record does not show the department sent notice to the tribe. We agree the department violated the ICWA by not filing copies of the notices and the return receipt cards with the court and conclude the error was not harmless because there is no showing in the record or the supplemental documents filed by the department that the tribe knew mother was an enrolled tribal member or had lived on the reservation.
The ICWA establishes minimum federal standards for removing Indian children from their families and placing such children *497 in foster or adoptive homes that reflect the unique values of Indian culture. 25 U.S.C. § 1902 (2001); B.H. v. People in Interest of X.H., 138 P.3d 299, 302 (Colo.2006); People in Interest of J.O., 170 P.3d 840, 842 (Colo. App.2007).
Accordingly, if the state knows, or has reason to know or believe, that an Indian child is involved, it must provide notice to the Indian child's tribe by registered mail, with return receipt requested, of the pending proceedings and of the tribe's right to intervene. 25 U.S.C. § 1912(a) (2001); § 19-1-126(1)(a)-(b), C.R.S.2008; B.H., 138 P.3d at 302. If the child in question is an Indian child, notice must be sent before the petition is filed. § 19-1-126(1)(c), C.R.S.2008. If the child's status is undetermined, notice must be sent so that it is received by the tribe at least ten days before the hearing in which a party seeks to place the child in foster care or to terminate parental rights. 25 U.S.C. § 1912(a); People in Interest of S.R.M., 153 P.3d 438, 442 (Colo.App.2006).
The purpose of notice under the ICWA is to inform the relevant tribe or tribes of the potential consequences resulting from departmental involvement, such as termination of parental rights. See 25 C.F.R. § 23.11(e)(6). Those consequences are important because "there is no resource that is more vital to the continued existence and integrity of Indian tribes than their children." 25 U.S.C. § 1901(3) (2001). The Indian tribes have a separate interest in Indian children, distinct from but equivalent to parental interests, and therefore must have a meaningful opportunity to participate in determining whether the child is Indian and to be heard on the issue of ICWA applicability. B.H., 138 P.3d at 303-04.
The tribes also must receive notice because, pursuant to the Guidelines for State Court: Indian Child Custody Proceedings, 44 Fed.Reg. 67,584, 67,586 (B.1 Commentary) (the Guidelines), "the best source of information on whether a particular child is Indian is the tribe itself" and "tribal verification is preferred." Though not binding, we consider the Guidelines to be persuasive. B.H., 138 P.3d at 302 n. 2; S.R.M., 153 P.3d at 441.
Here, there is no dispute that notice was required because mother indicated she was enrolled in the tribe. See B.H., 138 P.3d at 304 (sufficiently reliable information of any criteria on which membership might be based, such as tribal enrollment, triggers the ICWA's notice provisions); J.O., 170 P.3d at 843 (parent's possible Apache heritage required notice to all known Apache tribes).
Further, the Children's Code provides that the return receipt cards showing notice was made by registered mail must be filed with the court as soon as possible. §§ 19-1-126(1)(c), 19-3-602(1)(b), C.R.S. 2008. The Guidelines require a copy of the notice to be filed with the court. Guidelines, 44 Fed.Reg. at 67,588. Other jurisdictions have adopted the Guidelines' filing requirement. In re Karla C., 113 Cal.App.4th 166, 6 Cal.Rptr.3d 205, 209-13 (2003); In re Dependency of E.S., 92 Wash.App. 762, 964 P.2d 404, 410-11 (1998) ("we strongly urge" caseworkers be trained to file notices and return receipt cards). Following the Guidelines' filing requirements is the most efficient way of meeting the department's burden of proof of notice to the tribes. E.S., 964 P.2d at 411. Further, this requirement allows the trial court to determine whether the notice complied with the ICWA, the Guidelines, and the relevant federal regulations by giving the tribe all known relevant information and a meaningful opportunity to determine whether the dependent child is an Indian child within the meaning of the ICWA. Karla C., 6 Cal.Rptr.3d at 212.
Moreover, absent evidence the notice was sufficient, a tribe's non-response can not be deemed a determination that the child is not an Indian child within the meaning of the ICWA. Karla C., 6 Cal.Rptr.3d at 212. Therefore, because the trial court and the respondent parents should have the opportunity to examine the notices, we conclude the filing requirement set forth in the Guidelines is an essential component of the ICWA notice process. Id.
The department concedes it did not file a copy of the notices or the return receipt cards with the court, but urges us to find this failure was harmless error because (1) the *498 certificates of service show notice was sent and (2) it initiated and maintained regular telephonic contact with the tribe to determine whether N.D.C. was enrolled or was eligible to enroll.
However, whether failing to file a copy of the notices and return receipt cards is harmless error should be assessed on a case-by-case basis. Id.; In re Elizabeth W., 120 Cal.App.4th 900, 16 Cal.Rptr.3d 514, 519 (2004) (when there is evidence notice has been received and the only omission is the failure to file the proof of service, error will not be presumed); see also S.R.M., 153 P.3d at 441-42 (errors in providing notice may be considered harmless if the tribe has actual knowledge of the child's eligibility to enroll). We are not persuaded that the error here is harmless because all known information was not provided to the tribe in a manner that appears in the record.
25 C.F.R. § 23.11(d) and (e) state what information must be in an ICWA notice. If known, the department must include: (1) the Indian child's name, birthdate, and birthplace; (2) the name of the Indian tribe or tribes in which the child is enrolled or may be eligible for enrollment; and (3) all names known, and current and former addresses, of the Indian child's biological parents, grandparents, and great-grandparents or Indian custodians, including maiden, married, and former names or aliases, along with their birthdates, places of birth and death, tribal enrollment numbers, and/or other identifying information. 25 C.F.R. § 23.11(d)(1)-(3). The notice must also include a copy of the petition, complaint, or other document by which the proceeding was initiated. 25 C.F.R. § 23.11(d)(4).
The notice must also state that the biological parents, Indian custodians, and the child's tribe have an absolute right to intervene in the proceedings; an indigent Indian parent or custodian is entitled to appointed counsel where authorized by state law; the Indian parents, Indian custodians, and child's tribe will have, on request, up to twenty additional days to prepare for the proceedings; and the Indian parents, Indian custodians, and the child's tribe have the right to petition the court to transfer the proceeding to the child's tribal court under 25 U.S.C. § 1911, absent objection by either parent. 25 C.F.R. § 23.11(e)(1)-(7). The notice must include the location, mailing address, and telephone number of the court and all parties notified under this section. 25 C.F.R. § 23.11(e)(4).
Moreover, criteria upon which membership may be based include enrollment, blood quantum, lineage, or residence on a reservation. B.H., 138 P.3d at 304. Therefore, if one or more of those criteria are present, the department should place that information in the notice.
The documents filed in response to the show cause order do not show that the department told the tribe that mother was an enrolled tribal member, that she had lived on the reservation, or that she had been receiving services from the Indian Resource Center during the dependency and neglect proceeding. There is no information about N.D.C.'s great-grandmother, who was also an enrolled tribal member and with whom the caseworker was in monthly contact. The department knew this information very early in the case, but there is no showing the caseworker gave it to the tribe. However, this information is precisely the kind of "other identifying information" that could aid the tribe in determining whether N.D.C. was eligible to enroll and would aid this court and the trial and juvenile courts in determining whether adequate notice was provided. See 25 C.F.R. § 23.11(d)(3).
Further, although the notice indicated it contained all the information the department had obtained, the form did not provide space for the department to inform the tribe of the birthplaces of the child, parents, grandparents, or great-grandparents, or any maiden, married, or former names of those persons, if applicable. See 25 C.F.R. § 23.11(d)(1), (3). The form also lacked space to provide information about great-grandparents. The form did not include space to provide an enrollment number, which mother had, although it is not clear from the record that she provided that number to the caseworker. See 25 C.F.R. § 23.11(d)(3). We cannot discern that the department attached a copy of the petition. See 25 C.F.R. § 23.11(d)(4). Therefore, we conclude the notice did not comply *499 with 25 C.F.R. § 23.11(d)(1)-(4). We further conclude the notice did not comply with the requirements of 25 C.F.R. § 23.11(e)(2), (3), (4), (5), and (7).
Thus, even though the department served the tribe at the correct address and the caseworker testified the tribe had determined N.D.C. was ineligible to enroll because no paperwork to enroll her had been received, we cannot conclude the error in not filing the notices or return receipt cards was harmless because the record does not show the department informed the tribe of all relevant facts about tribal membership within its possession. See S.R.M., 153 P.3d at 442.

B. Adequacy of Subsequent Notices
We further conclude, notwithstanding the department's assertion that it "fully complied" with the notice requirements, that the subsequent notices sent by the department are also deficient.
The initial notice did not contain the date of the dispositional hearing, although that hearing had been set eleven days before the notice was sent. See 25 U.S.C. § 1912(a) (department must send notice of the pending proceedings, including the proceeding to place the child in foster care). Three days later, the department sent notice of the dispositional hearing and later, it sent notice of the termination and the amended termination hearings. These notices are required by the ICWA. See 25 U.S.C. § 1912(a) (notice is required before hearings to place a child in foster care and to terminate parental rights). However, the department sent the same notice to the tribe as it sent to the other parties; those notices indicated when those hearings were set and the other information required by the Children's Code. They contained little, if any, of the information required by the ICWA. Unless the tribe had intervened and indicated, in a manner readily apparent in the record, that it was willing to be notified in the same manner as other parties, subsequent notices must comply with the ICWA notice requirements, including all the information in 25 C.F.R. § 23.11(d) and (e). See 25 U.S.C. § 1912(a); 25 C.F.R. § 23.11(a). This is particularly true here where so much information about mother's Indian heritage had not been provided in the original notice, including mother's enrollment number and the name and enrollment number of the child's great-grandmother. Accordingly, the department's notices of the dispositional, termination, and amended termination hearings did not comply with the ICWA.

III. The ICWA's Substantive Provisions
Mother asserts the court erred by not applying the ICWA's substantive provisions because (1) its applicability was triggered when she stated she was a tribal member, and (2) the juvenile court did not have to conclude N.D.C. was an Indian child to do so. She further asserts the court should have waited to hold the termination hearing until the tribe responded. We address these issues in case they arise again on remand. See Delsas v. Centex Home Equity Co., 186 P.3d 141, 146 (Colo.App.2008).
The minimum federal standards for removing Indian children from their homes require, among other things, the court to make certain findings beyond a reasonable doubt and require the department to make active efforts to avoid the child's removal from parental custody. 25 U.S.C. § 1912(d), (f) (2001).
However, for the ICWA's substantive provisions to apply, the child must be an Indian child. People in Interest of L.O.L., 197 P.3d 291, 294-95 (Colo.App.2008). The ICWA defines an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4) (2001); see B.H., 138 P.3d at 303. Each Indian tribe has the authority to decide who meets those criteria. People in Interest of J.A.S., 160 P.3d 257, 260 (Colo.App.2007).
Citing B.H., 138 P.3d 299, and J.O., 170 P.3d 840, mother asserts the substantive provisions of the ICWA must be followed even when there has been no final determination as to the child's eligibility for membership. Neither case stands for that proposition; each addresses what criteria are sufficient to trigger the ICWA's notice provisions. B.H., *500 138 P.3d at 304; J.O., 170 P.3d at 842-43. Although the J.O. division discussed what findings would be necessary if the court, following remand, found the child to be an Indian child, it did not hold that the other heightened standards of the ICWA applied before that determination was made. 170 P.3d at 844.
Moreover, although a court need not determine that a child is an Indian child to trigger the ICWA's notice provisions, B.H., 138 P.3d at 304, the court must make that determination for the ICWA's substantive provisions to apply. L.O.L., 197 P.3d at 294-95. If there is no evidence that the child is an Indian child, the court cannot make that finding and should not use the higher burdens of proof or apply the ICWA's other substantive provisions. Id. Thus, if following remand, the tribe chooses not to intervene or again states N.D.C. is not eligible to enroll, the court should not apply the ICWA's substantive provisions. However, if the child is determined to be an Indian child, the juvenile court must apply the ICWA. See People in Interest of T.M.W., 208 P.3d 272, 275 (Colo. App.2009); J.O., 170 P.3d at 844.
Further, despite mother's arguments to the contrary, the magistrate did not, and could not, based on the record, find N.D.C. was an Indian child. At most, the magistrate found the case was "an ICWA case as to mom," which meant notice had to be sent to the tribe. See J.O., 170 P.3d at 843.
Mother further implies the court should have waited to hold the hearing until the tribe responded to the notice. However, the court need not delay the termination hearing until the tribe responds; it need only wait ten days post receipt, as required by the ICWA. See 25 U.S.C. § 1912(a) (the hearing to terminate parental rights cannot occur until at least ten days after receipt of notice). Thus, following remand, the court may, if the tribe does not respond within ten days after the return receipt card showed notice was made, reinstate the judgment.
The judgment is vacated, and the case is remanded with instructions that notice be given in accordance with the provisions of the ICWA and the Children's Code. The juvenile court's judgment terminating parental rights shall be reinstated and will stand affirmed if it is ultimately determined, after proper notice, that the child is not an Indian child. If the child is determined to be an Indian child, the juvenile court must proceed in accordance with the ICWA. See T.M.W., 208 P.3d at 275; J.O., 170 P.3d at 844.
Judge TAUBMAN and Judge STERNBERG[*] concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S.2008.