The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 9, 2019

## 2019COA71

**No. 18CA0560, *People in the Interest of Z.C.* — Juvenile Court
— Dependency and Neglect; American Indian Law — ICWA —
Notice**

In this dependency and neglect case, a division of the court of
appeals addresses the sufficiency of notice under the Indian Child
Welfare Act of 1978 (ICWA) when the return receipts deposited with
the trial court are in some way incomplete or absent. In response
to an order from this court, the El Paso County Department of
Human Services (Department) sent ICWA notice to eight tribes. The
Department received return receipts from seven of the eight tribes.
But the return receipts from three tribes were to some degree
incomplete and the Department never received a return receipt from
one of the tribes.

Notwithstanding the deficiencies, the juvenile court concluded that all eight tribes received adequate notice.  The division concludes that notice was sufficient for six of the eight tribes and the defect with respect to one of the two remaining tribes was harmless.  But because the division concludes that notice was insufficient and the deficiency was not harmless with respect to one of the tribes, the division remands the case to the juvenile court for the limited purpose of complying with ICWA and, upon doing so, making further findings.

COLORADO COURT OF APPEALS                                2019COA71

Court of Appeals No. 18CA0560
El Paso County District Court No. 16JV895
Honorable Timothy Schutz, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Z.C., a Child,

and Concerning S.C.,

Respondent-Appellant.

ORDER OF LIMITED REMAND

Division A
Furman, Ashby, and Welling, JJ.
PER CURIAM

Announced May 9, 2019

Amy R. Folsom, County Attorney, Jessica T. Driver, Assistant County Attorney, Colorado Springs, Colorado, for Petitioner-Appellee

Anna N.H. Ulrich, Guardian Ad Litem

Ingelhart Law Office, LLC, Kimberly A. Ingelhart, Glenwood Springs, Colorado, for Respondent-Appellant

¶ 1    In this dependency and neglect action, S.C. (mother) appeals the juvenile court's judgment terminating her parent-child relationship with her son, Z.C.  Among the issues raised in her appeal, mother contends that the juvenile court and the El Paso County Department of Human Services (Department) did not comply with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-1963 (2018).

¶ 2    This is the second time this case has come before the ICWA division of this court to consider the adequacy of ICWA notice.  The Department initially conceded that some tribes had not received proper notice of the termination proceeding.  Based on our review of the record, we agreed that the Department did not meet its notice obligations with regard to eight tribes — namely, the three federally recognized Cherokee tribes, the Navajo Nation, and four of the federally recognized Apache tribes.  *See People in Interest of Z.C.*, (Colo. App. No. 18CA0560, Oct. 10, 2018) (unpublished order).  Thus, we issued a limited remand order directing the juvenile court to ensure compliance with ICWA.  *Id.*

¶ 3    The supplemental record on remand, however, does not demonstrate that the juvenile court fully complied with the remand

order. In particular, the juvenile court erred when it found that all of the tribes received notice of the proceeding despite inadequate or missing return mail receipts from two tribes. As a result, we again remand the case to the juvenile court for the limited purpose of ensuring compliance with ICWA.

## I. ICWA's Purpose and Provisions

¶ 4 ICWA aims to protect and preserve Indian tribes and their resources and to protect Indian children who are members of or are eligible for membership in an Indian tribe. 25 U.S.C. § 1901(2), (3) (2018). ICWA "recognizes that Indian tribes have a separate interest in Indian children that is equivalent to, but distinct from, parental interests." *People in Interest of I.B-R.*, 2018 COA 75, ¶ 4. The statute reflects the presumption that the protection of an Indian child's relationship with the tribe serves the child's best interests. *People in Interest of S.R.M.*, 153 P.3d 438, 440 (Colo. App. 2006). And it is up to each tribe to make the determination as to whether a child is eligible for membership. *People in Interest of T.M.W.*, 208 P.3d 272, 274 (Colo. App. 2009) ("[E]ach Indian tribe has the authority to determine its membership criteria and to

decide who meets those criteria." (citing *People in Interest of J.A.S.*, 160 P.3d 257, 260 (Colo. App. 2007))).

¶ 5    "Accordingly, in a proceeding in which ICWA may apply, tribes must have a meaningful opportunity to participate in determining whether the child is an Indian child and to be heard on the issue of ICWA's applicability." *I.B-R.*, ¶ 4.  To ensure tribes have an opportunity to be heard, the federal regulations and guidelines implementing ICWA require juvenile courts and human services departments to notify any identified Indian tribes when there is reason to know or believe an Indian child is involved in a child custody proceeding.  *People in Interest of L.L.*, 2017 COA 38, ¶ 29; *see also* 25 C.F.R. 23.11 (2018); 25 C.F.R. 23.111 (2018); *see also* Bureau of Indian Affairs, Guidelines for Implementing the Indian Child Welfare Act 11 (Dec. 2016), https://perma.cc/3TCH-8HQM; *see also* Notice of Guidelines, 81 Fed. Reg. 96,476 (Dec. 30, 2016). In doing so, the department must directly notify the tribe by registered mail with return receipt requested of the pending proceeding and its right to intervene.  *L.L.*, ¶¶ 34-35; *see also* § 19-1-126, C.R.S. 2018.

¶ 6     If the court has reason to know or believe that a child is an Indian child, but lacks sufficient evidence to make a determination, the court must confirm that the department involved in the case used due diligence to identify and work with all relevant tribes to verify the child's membership status. 25 C.F.R. § 23.107(b)(1) (2018). The department must also make continuing inquiries to determine whether a child is an Indian child. § 19-1-126(1)(a); *see also B.H. v. People in Interest of X.H.*, 138 P.3d 299, 302 (Colo. 2006); *S.R.M.*, 153 P.3d at 442-43 (unless tribe expressly states that it will not intervene, it retains the right to receive notice and intervene in subsequent proceedings).

¶ 7     Juvenile courts may not hold a termination of parental rights proceeding until at least ten days after receipt of notice by the tribe. 25 U.S.C. § 1912(a) (2018).

## II.     Relevant Procedural Background

### A.     Notice to Tribes on Limited Remand

¶ 8     On remand, the Department sent notices to the eight tribes identified in the limited remand order. The supplemental record shows that the Department sent notices to all eight tribes and that all eight notices contained the information required by ICWA and

4

the state's implementing statute. Signed and dated return receipts show that four of the tribes — the Fort Sill Apache Tribe, the Mescalero Apache Tribe, the Cherokee Nation of Oklahoma, and the United Keetoowah Band of Cherokee Indians — received the notices on November 19, 2018.

¶ 9 For two tribes — the Navajo Nation and the Tonto Apache Tribe of Arizona — the Department received and filed with the juvenile court return receipts that were signed but not dated. The Department's date stamp, however, shows that the Department processed the return receipts on November 27, 2018.

¶ 10 The evidence of receipt for the final two tribes is more problematic. The return receipt from the notice addressed to the White Mountain Apache Tribe is neither signed by the receiving party nor dated. The Department's date stamp shows that the Department processed the undated and unsigned return receipt on November 27, 2018.

¶ 11 And the supplemental record does not include a return receipt from the Eastern Band of Cherokee Indians.

## B. Juvenile Court's Findings on Limited Remand

¶ 12 At a hearing on December 11, 2018, the juvenile court found that the child was not an Indian child. The juvenile court made the following findings with respect to the receipt of notice by the eight tribes:

> The [c]ourt concludes, based upon what has been filed with the [c]ourt, that appropriate notices were sent to all of the tribes, even though one of the tribes has not yet provided a return receipt and one of the other tribes provided a return receipt without a signature and a couple of the other tribes provided return receipts without dating their signatures — based on the fact that the four tribes that acknowledged the return receipt, dated their return receipts November 19th, and based on the fact that the ICWA [n]otices were sent on November 19th and this hearing was held on December 11th, the [c]ourt finds and concludes that each of the tribes has received notice in conformity with what the Court of Appeals has directed and what is required by the Indian Child Welfare Act.
>
> . . . .
>
> The [c]ourt recognizes that the Eastern Band of Cherokee Indians has not responded, but the [c]ourt concludes as a matter of fact and law that the notice was sent on or about . . . November 14th, some [twenty-seven] days in advance of this hearing, and that that was appropriate notice under the Indian Child Welfare Act, though because of the tribe's

6

> non-response to the certified mail, we don't
> know the precise date on which it was
> received. The [c]ourt nevertheless concludes
> that it was received more than ten days prior
> to the scheduled hearing today.

### III. Analysis

¶ 13 We now turn to the question whether ICWA's notice requirements were satisfied with respect to all eight tribes. "Whether the notice requirement of the ICWA was satisfied is a question of law, which this court reviews de novo." *T.M.W.*, 208 P.3d at 274 (citing *In re TM*, 628 N.W.2d 570, 572 (Mich. Ct. App. 2001)); *see also L.L.*, ¶ 46.

¶ 14 The juvenile court found that all eight tribes received adequate notice. We agree that the juvenile court's findings with respect to six of the tribes are supported by the record that was before the juvenile court at the time of the hearing. But we conclude that the record that was before the juvenile court at the time of the hearing does not support its findings with respect to the White Mountain Apache Tribe and the Eastern Band of Cherokee Indians. We discuss the adequacy of notice with respect to each of the tribes, in turn, below.

## A. The Record Supports the Juvenile Court's Determination that Six of the Eight Tribes Received Adequate Notice

¶ 15    Pursuant to 25 U.S.C. § 1912(a) and section 19-1-126(1)(a)-(b), if there is reason to know or believe that an Indian child is involved in a dependency and neglect action, the petitioning party "must provide notice to the Indian child's tribe . . . by registered mail, with return receipt requested, of the pending proceedings and of the tribe's right to intervene." *People in Interest of C.Z.*, 262 P.3d 895, 904 (Colo. App. 2010).  This notice must be received by the tribe at least ten days before the hearing described in the notice.  *See* 25 U.S.C. § 1912(a).  And in order to demonstrate compliance, "the Department must file with the juvenile court an original or copy of each notice sent together with any return receipts or other proof of service."  *L.L.*, ¶ 41 (citing 25 C.F.R. § 23.111(a)(2); § 19-1-126(1)(c)).

¶ 16    With respect to the Fort Sill Apache Tribe, the Mescalero Apache Tribe, the Cherokee Nation of Oklahoma, and the United Keetoowah Band of Cherokee Indians, the signed and dated return receipts contained in the supplemental record reflect that each tribe received notice on November 19, 2018, which was twenty-two days

before the December 11 hearing. Thus, the juvenile court properly concluded that ICWA's notice requirement was satisfied with respect to these four tribes. *See* 25 U.S.C. § 1912(a); *People in Interest of N.D.C.*, 210 P.3d 494, 497 (Colo. App. 2009) ("Following the Guidelines' filing requirements is the most efficient way of meeting the department's burden of proof of notice to the tribes.").

¶ 17    With respect to the Navajo Nation and the Tonto Apache Tribe of Arizona, the Department received and filed with the juvenile court return receipts that were signed but not dated. At first blush, it would seem that the absence of a date of receipt on the return receipts would fatally undermine the juvenile court's determination that these tribes received timely notice. *See, e.g., In re Morris*, 815 N.W.2d 62, 78 (Mich. 2012) ("[T]he trial court cannot determine the date on which the 25 U.S.C.A. § 1912(a) waiting period begins to run without knowing the date on which the tribe . . . received the notice, as shown by the registered-mail return receipt."). But the Department's date stamp shows that the Department processed the return receipts on November 27, 2018. So even though the signed return receipts are not dated, we know that these tribes received notice sometime before November 27, meaning that notice was

9

received by the tribes at least fourteen days before the hearing. Accordingly, the juvenile court properly concluded that ICWA's notice requirement was satisfied with respect to these two tribes.

### B. The Record Before the Juvenile Court Does Not Support Its Determination that the White Mountain Apache Tribe and the Eastern Band of Cherokee Indians Received Notice

¶ 18 As noted above, the only evidence in the record regarding notice to the White Mountain Apache Tribe is the unsigned and undated return receipt. That receipt does not support the juvenile court's finding that the tribe received the notice. True, the Department's date stamp suggests that *someone* may have received the notice at least ten days before the hearing. But it is unclear who. And, because the outgoing mail receipts in the supplemental record contain no postmarks, it is unclear whether the Department even sent the notice at all.

¶ 19 And because there was no return receipt at all in the supplemental record from the notice sent to the Eastern Band of Cherokee, the juvenile court had no evidence before it that the Eastern Band of Cherokee received any notice of the hearing.

¶ 20 This absence of evidence does not necessarily end our (or the juvenile court's) inquiry into whether timely notice was in fact

timely received. Bureau of Indian Affairs regulations required the juvenile court to "[c]onfirm, by way of a report, declaration, or testimony included in the record that the [Department] used due diligence to identify and work with all of the Tribes . . . to verify" the child's membership status. 25 C.F.R. 23.107(b)(1). And Colorado's ICWA-implementing legislation required the Department to make continuing inquiries after it sent the notices to determine the child's status. § 19-1-126(1)(a). But there is no evidence in the supplemental record that the Department attempted to contact either the White Mountain Apache Tribe or the Eastern Band of Cherokee Indians by telephone, email, fax, or any other means to confirm receipt of the notices or otherwise work with the tribes to verify the child's membership status.

¶ 21 Thus, we conclude that the juvenile court erred when it found that the White Mountain Apache and Eastern Band of Cherokee Tribes had received notice of the hearing. And "absent evidence the notice was sufficient, a tribe's non-response can not be deemed a determination that the child is not an Indian child within the meaning of the ICWA." *N.D.C.*, 210 P.3d at 497 (citing *In re Karla C.*, 6 Cal. Rptr. 3d 205, 212 (Cal. Ct. App. 2003)).

C.    Information in the Supplemental Record Received After the Hearing Shows that the Erroneous Finding Regarding the Notice to Eastern Band of Cherokee Indians Was Harmless

¶ 22    After the juvenile court entered its findings, the Department filed a letter from the Eastern Band of Cherokee Indians stating that the child was not a member or eligible for membership. That letter is part of the supplemental record on appeal. "The primary purpose of giving notice to the tribe is to enable it to determine whether the child is an Indian child." *S.R.M.*, 153 P.3d at 441. And because the Eastern Band of Cherokee Indians was able to determine that the child was not a member of or eligible for membership in the tribe (albeit in a letter that was not before the juvenile court at the time of the hearing), the error in the juvenile court's finding that the Eastern Band of Cherokee Indians received proper notice is harmless. *Id.* at 441-42 (an error in providing notice may be considered harmless if the tribe has actual knowledge of the child's eligibility to enroll).

¶ 23    Thus, only the White Mountain Apache Tribe remains to be notified of the termination proceeding.

12

## IV. Procedure on Remand

¶ 24    We remand the case to the juvenile court for the limited purpose of directing the Department to (1) make continuing inquiries to determine whether the child is an Indian child; and (2) use due diligence to work with the White Mountain Apache Tribe to verify the child's membership status. The juvenile court may, in its discretion, order the Department to again send appropriate notice of the termination proceeding to the White Mountain Apache Tribe in accordance with ICWA and section 19-1-126(1)(b).

¶ 25    After receiving a response from the Tribe, or the expiration of the timeframe under 25 U.S.C. § 1912(a) or a reasonable additional time determined by the juvenile court, the court shall again enter factual findings and legal conclusions regarding the application of ICWA.

¶ 26    If the juvenile court determines that the child is an Indian child, within seven days of the issuance of the juvenile court's order making such determination, the Department must file notice with this court along with a copy of the juvenile court's order. The appeal shall be recertified to permit a division of this court to issue an opinion vacating the termination judgment and remanding the

case to the juvenile court with directions to proceed in accordance with ICWA.

¶ 27 If the juvenile court determines that the child is not an Indian child, within seven days of issuance of the juvenile court's order making such determination, the Department must file notice with this court along with a copy of the juvenile court's order, and the appeal shall be recertified. A supplemental record, consisting of the court record created on remand including the juvenile court's order as well as any notices sent and responses received is due fourteen days after recertification. Within seven days of the matter being recertified, if any party wishes to supplement the record with transcripts of hearings that occurred on remand, that party shall file a supplemental designation of transcripts with the juvenile court and this court and, if supplemental transcripts are designated, the complete supplemental record including the court record will be due twenty-one days after the filing of the supplemental designation of transcripts.

¶ 28 Additionally, within fourteen days of recertification, mother may file a supplemental brief, not to exceed ten pages or 3500 words, limited to addressing the juvenile court's ICWA

14

determination. If father, who is not currently a party to this appeal, wishes to file a brief addressing the ICWA determination, he may do so, but his brief must be accompanied by a notice of appeal indicating his intent to appeal the ICWA determination. If either parent files a supplemental brief, the other parties may file, within fourteen days, supplemental briefs in response, not to exceed ten pages or 3500 words.

¶ 29 This court further orders that the Department notify this court in writing of the status of the juvenile court proceedings in the event that this matter is not concluded within twenty-eight days from the date of this order, and that the Department shall do so every twenty-eight days thereafter until the juvenile court issues its order on remand.

BY THE COURT:
Furman, J.
Ashby, J.
Welling, J.