The PEOPLE of the State of Colorado, In the Interest of P.A.M., a Child, Upon the Petition of the Denver Department of Social Services, Petitioner–Appellee,

and Concerning L.V.M., Respondent–Appellant.

No. 97CA1335.

Colorado Court of Appeals, Div. III.

May 14, 1998.

Rehearing Denied June 11, 1998.

Certiorari Denied July 27, 1998.

Daniel E. Muse, City Attorney, Lori A. Mallia, Assistant City Attorney, Denver, for Petitioner–Appellee.

Diana M. Richett, Guardian Ad Litem.

Gale A. Drexler, Littleton, Colorado; Sandra Shwayder Sanchez, Denver, for Respondent–Appellant.

Opinion by Judge BRIGGS.

L.V.M. (mother) appeals from a judgment entered by the juvenile court terminating the parent-child legal relationship between her and her child, P.A.M. We affirm.

I.

Mother contends the juvenile court erred in finding that the Blood tribe of Canada was not entitled to notice of the dependency or neglect proceeding, pursuant to the Indian Child Welfare Act of 1978, 25 U.S.C. § 1901, et seq. (1978)(ICWA). We find no error.

In a state court proceeding for termination of parental rights, notice must be sent to the tribe of any child the court has reason to know is an "Indian child." 25 U.S.C. § 1912(a) (1978). Under the ICWA, an "Indian child" is defined as "any unmarried person who is under the age of eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4) (1978). "Indian tribe" is defined as "any Indian tribe, band, nation, or other organized group or community of Indians recognized as eligible for the services provided to Indians by the Secretary [of the Interior] because of their status as Indians...."

Thus, the ICWA applies only to "eligible" tribes. The burden of proof is on the party asserting the ICWA is applicable. See People in Interest of A.G.-G., 899 P.2d 319 (Colo.App.1995); In re Stiarwalt, 190 Ill. App.3d 547, 137 Ill.Dec. 420, 546 N.E.2d 44 (1989).

A list of eligible tribes is published annually in the Federal register. See Indian Entities Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs, 62 Fed.Reg. 55,270 (1997); 61 Fed.Reg. 58,211 (1996); In re Stiarwalt, supra (lack of listing in Federal register demonstrates conclusively tribe is not eligible); Application of Angus, 60 Or.App. 546, 655 P.2d 208 (1982); In re M.C.P., 153 Vt. 275, 571 A.2d 627 (1989). The Blood tribe of Canada was not on the list. Even if we were to assume this was not conclusive, mother failed to present any evidence otherwise showing that the Blood tribe was eligible for services from the Secretary of the Interior.

We therefore conclude the juvenile court properly determined the Blood tribe was not entitled to notice. *See In re Stiarwalt, supra; Application of Angus, supra; In re M.C.P., supra.*

## II.

■ In a related argument, mother asserts the juvenile court applied an incorrect standard of proof and thus erred in finding the evidence was sufficient to show she had not substantially complied with the treatment plan. She argues the court should have applied the standard of beyond a reasonable doubt, as required by the ICWA, instead of requiring proof by clear and convincing evidence.

However, for the reason just discussed, the juvenile court applied the proper standard of clear and convincing evidence, as required under § 19–3–604(1), C.R.S.1997. *See People in Interest of A.E.*, 749 P.2d 450 (Colo. App.1987); *In re B.R.B.*, 381 N.W.2d 283 (S.D.1986). We further conclude the record contains sufficient evidence regarding mother's lack of compliance to support the juvenile court's finding under that standard. Hence, we will not disturb the finding on review. *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

## III.

■ Mother's final contention is that the juvenile court erred in failing to consider less drastic alternatives to termination. However, the juvenile court's order contains an express finding that there were no less drastic alternatives. *See People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986). Because the record supports that finding, we again will not disturb it on review. *People in Interest of C.A.K., supra.*

The judgment is affirmed.

PLANK and CASEBOLT, JJ., concur.