**The PEOPLE of the State of Colorado, in the Interest of R.L., a Child, Upon the Petition of the Denver Department of Social Services, Petitioner–Appellee,**

**and**

**Concerning L.A.L., Respondent–Appellant.**

**No. 97CA1786.**

Colorado Court of Appeals, Div. I.

June 25, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Daniel E. Muse, City Attorney, Elizabeth A. Adams, Assistant City Attorney, Denver, for Petitioner–Appellee.

Diana M. Richett, Lakewood, for Respondent–Appellant.

Opinion by Judge KAPELKE.

L.A.L. (mother) appeals from a trial court judgment terminating her parent-child legal relationship with her child, R.L. We vacate the judgment and remand for further proceedings.

## I.

Mother contends that the trial court erred in not applying the provisions of the Indian Child Welfare Act of 1978, 25 U.S.C. §1901, et seq. (1978) (ICWA), in terminating her parental rights. In particular, she asserts that the trial court did not make the findings required by 25 U.S.C. §§1912(d) and 1912(f) (1978). We agree.

■ Initially, we reject the assertion of the Department of Social Services (the department) that the ICWA does not apply because the record is devoid of evidence that the child is an "Indian child" as defined by 25 U.S.C. §1903(4) (1978).

Mother was advised of her rights under the ICWA at her first appearance in the proceeding, and the provisions of the ICWA were applied at the adjudicatory stage of the proceeding at the request of the department. Also, at the beginning of the termination hearing, counsel for the department again "reminded" the trial court that the ICWA applied to the proceeding. Under these circumstances, the department may not take a contrary position on appeal. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986); *A.B.M. v. M.H.,* 651 P.2d 1170 (Alaska 1982) (adoptive parents who acknowledged that the child was member of Indian tribe were bound by that judicial admission).

■ Under the Colorado Children's Code, the criteria for termination of the parent-child legal relationship must be established by clear and convincing evidence. Section §19–3–604(1), C.R.S.1997; *People in Interest of A.M.D.,* 648 P.2d 625 (Colo.1982). However, if the termination proceeding concerns an Indian child, the ICWA imposes additional minimum federal standards with which a state court must comply. 25 U.S.C. §1902 (1978); *People in Interest of A.E.,* 749 P.2d 450 (Colo.App.1987).

These federal standards include determinations made pursuant to 25 U.S.C. §1912, which, as pertinent here, provides:

(d) Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

\* \* \*

(f) No termination of parental rights may be ordered in such a proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

*See People in Interest of C.A.J.,* 709 P.2d 604 (Colo.App.1985); *A.B.M. v. M.H., supra;* Guidelines for State Courts—Indian Child Custody Proceedings, 44 Fed.Reg. 67,584, at 67,592 (1979).

■ Here, the trial court found that the criteria for termination under §19–3–604, C.R.S.1997, had been established by clear and convincing evidence. The court's finding was supported by evidence that mother, who was serving a 15-year sentence in the Department of Corrections on a felony conviction, would not become eligible for parole until August 2003, more than "six years after the date the child had been adjudicated dependent or neglected." *See* §19–3–604(1)(b)(III), C.R.S.1997. *See also People in Interest of T.T.,* 845 P.2d 539 (Colo.App. 1992); *People in Interest of C.A.J., supra.*

■ However, in ordering termination, the trial court did not make the findings required by 25 U.S.C. §§1912(d) and 1912(f) (1978). Thus, we must remand for further proceedings.

## II.

■ As to an issue that may arise on remand, mother contends that the findings made pursuant to 25 U.S.C. §1912(d) (1978) must be supported by evidence beyond a reasonable doubt. We agree.

Unlike 25 U.S.C. §1912(f) (1978), which expressly requires that the pertinent determination under this section be "supported by evidence beyond a reasonable doubt," 25

U.S.C. §1912(d) (1978) does not specify the requisite standard of proof. *See People in Interest of C.A.J., supra; People in Interest of S.R.,* 323 N.W.2d 885 (S.D.1982). In considering this issue, most courts have concluded that, in a termination proceeding, the standard of proof for findings under 25 U.S.C. §1912(d) (1978) is the same as that set forth in 25 U.S.C. §1912(f) (1978). *See In re L.N.W.,* 457 N.W.2d 17 (Iowa App.1990); *In re Welfare of M.S.S.,* 465 N.W.2d 412 (Minn. App.1991); *In re Kreft,* 148 Mich.App. 682, 384 N.W.2d 843 (1986); *People in Interest of S.R., supra. But see In re Michael G.,* 63 Cal.App.4th 700, 74 Cal.Rptr.2d 642 (1998).

Because findings pursuant to 25 U.S.C. §§1912(d) and 1912(f) (1978) are predicates to termination under the ICWA, we conclude that logic compels application of the same "beyond a reasonable doubt" standard of proof as to both statutory provisions. *See In re Welfare of M.S.S., supra.*

## III.

■ Mother also contends that a witness qualified as an expert to testify pursuant to 25 U.S.C. §1912(f) (1978) must possess special knowledge of the social and cultural aspects of Indian life. Thus, she argues, the expert in this case, who did not possess such knowledge, was unqualified. We disagree.

The ICWA does not define "qualified expert witness." However, the Guidelines for State Courts—Indian Child Custody Proceeding, *supra,* at 67,593, instruct that:

(b) Persons with the following characteristics are likely to meet the requirements for a qualified expert witness for the purposes of Indian child custody proceedings:

(i) A member of the Indian child's tribe who is recognized by the tribal community as knowledgeable in tribal customs as they pertain to family organization and childrearing practices.

(ii) A lay expert witness having substantial experience in the delivery of child and family services to Indians, and extensive knowledge of prevailing social and cultural

standards and childrearing practices within the Indian child's tribe.

(iii) *A professional person having substantial education and experience in the area of his or her specialty.* (emphasis added)

■ While the Guidelines suggest that the persons most likely to meet the requirements for a qualified expert witness would possess special knowledge of Indian culture and society, such special knowledge is not required. Thus, if termination is based on parental unfitness unrelated to Indian culture or society, an expert witness qualified to testify pursuant to 25 U.S.C. §1912(f) (1978) need not possess special knowledge of Indian life. *See In re Kreft, supra; State ex rel. Juvenile Department v. Tucker,* 76 Or.App. 673, 710 P.2d 793 (1985).

Here, the determination of unfitness supporting the termination was based on mother's long-term incarceration, a consideration that is culturally neutral. Thus, under these circumstances, the witness qualified to testify as an expert pursuant to 25 U.S.C. §1912(f) (1978) did not have to have special knowledge of Indian life; rather, it was sufficient that she had substantial education and experience in the area of her specialty. *See* Guidelines for State Courts—Indian Child Custody Proceedings, *supra,* at 67,593; *State ex rel. Juvenile Department v. Tucker, supra.*

## IV.

■ Finally, we reject mother's contention that the termination was improper because no efforts were made to provide services to mother's sister to render her an appropriate caretaker for the child. The record, which includes evidence of an unfavorable home evaluation of the mother's sister, supports the trial court's determination that there were no less drastic alternatives to termination. Under the circumstances, there was no obligation to afford rehabilitative services to mother's sister.

The judgment is vacated, and the cause is remanded to the trial court for further proceedings including the entry of findings pursuant to 25 U.S.C. §§1912(d) and 1912(f) un-

der a "beyond a reasonable doubt" standard. The court may, in its discretion, conduct an evidentiary hearing. If the court determines that the requirements of those statutes have been established beyond a reasonable doubt, the court may re-enter the judgment of termination subject to mother's right to appeal that ruling.

METZGER and JONES, JJ., concur.