The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 22, 2018

## 2018COA27

**No. 17CA0608, *People In the Interest of L.H.* — Juvenile Court — Dependency and Neglect — ICWA — Notice**

In this dependency and neglect case, a division of the court of appeals addresses the sufficiency of notice under the Indian Child Welfare Act of 1978 (ICWA) when a parent identifies a potential affiliation with an ancestral group but does not identify a specific tribe. The division concludes that if only a tribal ancestral group is indicated, then the Department must notify each of the tribes in that ancestral group to identify whether the parent or child is a member of any such tribe.

In this case, mother identified potential "Navajo" ancestry, but she did not indicate a specific tribal affiliation. Based upon this, the Jefferson County Department of Human Services (Department) sent notice to the Navajo Nation, but did not send notice to the

Colorado River Indian Tribes, which are designated by the Bureau of Indian Affairs as having a historical affiliation with the Navajo. The division holds that under the circumstances presented here, the Department was required to send notice to all tribes historically affiliated with the Navajo, including the Colorado River Indian Tribes. Because the division concludes that the trial court did not comply with ICWA's notice requirements, it remands the case to the trial court for the limited purpose of complying with ICWA and, upon doing so, making further findings regarding the applicability of ICWA.

COLORADO COURT OF APPEALS                                       **2018COA27**

Court of Appeals No. 17CA0608
Jefferson County District Court No. 15JV650
Honorable Ann Gail Meinster, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of L.H., a Child,

and Concerning L.H.,

Respondent-Appellant.

ORDER OF LIMITED REMAND

Division A
Loeb, C.J., Román, and Welling, JJ.
PER CURIAM

Announced February 22, 2018

Ellen G. Wakeman, County Attorney, Sarah Oviatt, Assistant County Attorney,
Golden, Colorado, for Petitioner-Appellee

Laura L. Locke, Guardian Ad Litem

Levi Guthrie, Colorado Springs, Colorado, for Respondent-Appellant

¶ 1     In this dependency and neglect proceeding, L.H. (mother) appeals the judgment terminating the parent-child legal relationship with her child, L.H.  Based on our review of the record, we are unable to determine whether the Jefferson County Department of Human Services, Division of Children, Youth and Families (Department) complied with the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-1963 (2012); *see also* § 19-1-126, C.R.S. 2017.  Because the record does not show that the Department sent notice to tribes historically affiliated with the tribe mother asserted her biological brother belonged to, we remand the case to the trial court for the limited purpose of ensuring that ICWA's notice requirements are satisfied.

## I.  Background

¶ 2     Congress enacted ICWA to address "rising concern" over the consequences of "child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989).  ICWA's provisions protect and preserve Indian tribes and their resources and protect Indian

1

children who are members of or are eligible for membership in an Indian tribe. 25 U.S.C. § 1901(2), (3).

¶ 3 ICWA recognizes that Indian tribes have a separate interest in Indian children that is equivalent to, but distinct from, parental interests. *B.H. v. People in Interest of X.H.*, 138 P.3d 299, 303 (Colo. 2006); *see also Holyfield*, 490 U.S. at 52. Accordingly, in a proceeding in which ICWA may apply, tribes must have a meaningful opportunity to participate in determining whether the child is an Indian child and to be heard on the issue of ICWA's applicability. *B.H.,* 138 P.3d at 303. Therefore, if there is a reason to know or believe that a child is an Indian child, the Department must provide notice to any identified Indian tribes. *See* 25 U.S.C. § 1912(a) (2012); § 19-1-126(1)(b); *People in Interest of N.D.C.*, 210 P.3d 494, 497 (Colo. App. 2009).

¶ 4 In doing so, the Department must directly notify the tribe by registered or certified mail with return receipt requested of the pending child custody proceedings and its right to intervene. 25 C.F.R. § 23.111(a) (2017); *see People in Interest of L.L.*, 2017 COA 38, ¶¶ 34-35. The notice must include:

> (1) The child's name, birthdate, and birthplace;

(2) All names known (including maiden, married, and former names or aliases) of the parents, the parents' birthdates and birthplaces, and Tribal enrollment numbers if known;

(3) If known, the names, birthdates, birthplaces, and Tribal enrollment information of other direct lineal ancestors of the child . . .;

[and]

(4) The name of each Indian Tribe in which the child is a member (or may be eligible for membership if a biological parent is a member).

25 C.F.R. § 23.111(d)(1)-(4).

¶ 5      The notice must also include a copy of the petition, complaint, or other document by which the child custody proceeding was initiated and, if a hearing has been scheduled, information on the date, time, and location of the hearing, and various statements related to the tribe's right to intervene and petition for a transfer. 25 C.F.R. § 23.111(d)(5)-(6).

¶ 6      In 2016, the Bureau of Indian Affairs (BIA) issued regulations and guidelines that clarify ICWA's inquiry and notice requirements. *See* 25 C.F.R. §§ 23.107-.109, .111 (2017); Bureau of Indian Affairs, Guidelines for Implementing the Indian Child Welfare Act 11, 30-38 (Dec. 2016), https://perma.cc/3TCH-8HQM (2016 Guidelines).

3

Federal guidelines on ICWA are not binding, but they provide useful guidance in interpreting the statute. *See Interest of L.L.*, ¶ 16.

¶ 7    Where the identity and location of the tribe is not known with particularity, the challenge is identifying what tribe must be notified. This is so because sometimes the child or parent may not be certain of their membership status in an Indian tribe, but may indicate they are somehow affiliated with a tribe or group of tribes. 2016 Guidelines at 18. To assist in identifying federally recognized tribes and their agents for service, the BIA publishes a list of recognized tribes and their agents in the Federal Register by region and by historical tribal affiliation. *See* Designated Tribal Agents for Service of Notice, 82 Fed. Reg. 12,986-01, 12,986-13,009 (Mar. 8, 2017); List of Designated Tribal Agents by Tribal Affiliation, 82 Fed. Reg. 12,986-01, 13,009 (Mar. 8, 2017), https://perma.cc/K3DD-KQR5 (Tribal Agents by Affiliation).

¶ 8    The 2016 Guidelines recommend that if only the tribal ancestral group is indicated, then the Department should notify each of the tribes in that ancestral group to identify whether the parent or child is a member of any such tribe. 2016 Guidelines at 18. Thus, because ICWA's intent is to provide notice to tribes so

that the tribes themselves can decide whether children are tribal members, *see B.H.*, 138 P.3d at 303-04, when a parent is unable to provide detailed information on potential tribal affiliations, the Department should provide notice to all identified tribes and the tribes that have been historically affiliated with those identified tribes, *see* Tribal Agents by Affiliation, https://perma.cc/K3DD-KQR5.

## II. Analysis

¶ 9      Whether the notice requirements of ICWA were satisfied is a question of law that we review de novo. *People in Interest of T.M.W.*, 208 P.3d 272, 274 (Colo. App. 2009).

¶ 10      The record indicates that, after initially denying Native American heritage, mother informed the Department that her biological brother is registered with "Navajo-Deni [sic]."[1] Mother, however, was unable to provide a census number or any additional information regarding how, or with whom, her brother was enrolled.

---

[1] "Diné" is a Navajo word meaning "Navajo" or "the people." *See* Leon Wall & William Morgan, *Navajo-English Dictionary* 29 (Bureau of Indian Affairs 1958), https://perma.cc/XF6Y-6LWH; *see also United States v. Wheeler*, 435 U.S. 313, 331 n.33 (1978) ("'Navaho' is not their own word for themselves. In their own language, they are *diné*, 'The People.'" (quoting C. Kluckhohn & D. Leighton, The Navaho 23 (rev. ed. 1974))).

¶ 11    Upon learning that mother might have possible Native American heritage, the Division sent six separate notices to the Navajo Nation at six different addresses.  The Navajo Nation responded that, based on the enrollment verification performed by the Navajo Office of Vital Records, there was no record of the family with the Navajo Nation, and, therefore, the child was not enrolled or eligible for enrollment with the Navajo Nation.  Based on that response, the trial court found, at the termination hearing, that ICWA did not apply to this case.

¶ 12    However, a review of the BIA's list of Tribal Agents by Affiliation shows that the Colorado River Indian Tribes are also tribes historically affiliated with the Navajo.  *See* Tribal Agents by Affiliation, https://perma.cc/K3DD-KQR5 (search for "Colorado River Indian Tribes" in the document).  Therefore, because mother's statements regarding her possible Native American ancestry included a general reference to Navajo, and not just the Navajo Nation, we conclude that the Department was required to also

notify the Colorado River Indian Tribes because it is recognized by the BIA as being historically affiliated with the Navajo.[2]

¶ 13     Since it appears from the record that the Department only provided notice to the Navajo Nation, we conclude that the notice given in this case was insufficient to satisfy ICWA's requirement. Accordingly, we remand the case to the trial court for the limited purpose of directing the Department to send appropriate notice to the Colorado River Indian Tribes.

### III.  Procedure on Remand

¶ 14     After receiving responses from the Colorado River Indian Tribes or the expiration of the timeframe under 25 U.S.C. § 1912(a) or a reasonable additional time determined by the trial court, the court shall again enter factual findings and legal conclusions regarding the application of ICWA.

---

[2] The Colorado River Indian Tribes include four distinct Tribes — the Chemehuevi, Hopi, Mojave, and Navajo.  But for ICWA notice purposes, the Colorado River Indian Tribes have a single designated point of contact (i.e., agent for service of ICWA notice).  *See* List of Designated Tribal Agents by Tribal Affiliation, 82 Fed. Reg. 12,986-01, 13,009 (Mar. 8, 2017), https://perma.cc/K3DD-KQR5 (search for "Colorado River Indian Tribes" in the document).  And the Colorado River Indian Tribes' agent for service of ICWA notice is distinct from the agent for service of ICWA notice for the Navajo Nation.  *Id.* (search for "Colorado River Indian Tribes" and "Navajo" in the document).

¶ 15    If the trial court determines that the child is an Indian child, within seven days of the issuance of the trial court's order making such determination, the Department must file notice with this court along with a copy of the trial court's order, and the appeal shall be recertified to permit a division of this court to issue an opinion vacating the termination judgment and remanding the case to the trial court with directions to proceed in accordance with ICWA.

¶ 16    If the trial court determines that the child is not an Indian child, within seven days of issuance of the trial court's order making such determination, the Department must file notice with this court along with a copy of the trial court's order, and the appeal shall be recertified.  Within seven days of recertification, the Department must file either (1) a supplemental record consisting of the trial court's order on remand, a transcript of the proceedings on remand, and any notices sent and responses received; or (2) a supplemental designation of record of the same.

¶ 17    Additionally, within fourteen days of recertification, mother may file a supplemental brief, not to exceed ten pages or 3500 words, limited to addressing the trial court's ICWA determination. If father, who is not currently a party to this appeal, wishes to file a

8

brief addressing the ICWA determination, he may do so, but his brief must be accompanied by a notice of appeal indicating his intent to appeal from the ICWA determination. If either parent files a supplemental brief, the other parties may file, within fourteen days, supplemental briefs in response, not to exceed ten pages or 3500 words.

¶ 18     This court further orders that the Department notify this court in writing of the status of the trial court proceedings in the event that this matter is not concluded within twenty-eight days from the date of this order, and that the Department shall do so every twenty-eight days thereafter until the trial court issues its order on remand.

BY THE COURT:

Loeb, C.J.
Román, J.
Welling, J.

9