The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
June 2, 2022

**2022COA61**

**No. 21CA0760, *Peo in Interest of MM* — American Indian Law —
ICWA — Notice; Juvenile Court — Dependency and Neglect —
Termination of the Parent-Child Legal Relationship —
Compliance with the Federal "Indian Child Welfare Act" —
Knows — Reason to Know — Due Diligence**

In this dependency and neglect proceeding, a division of the
court of appeals determines that a parent's assertion of a lineal
tribal affiliation is sufficient to give the court reason to know that
the children are Indian children and, thus, trigger the notice
requirements of the Indian Child Welfare Act of 1978 (ICWA), 25
U.S.C. §§ 1901-1963. Consistent with *People in Interest of E.M.*,
2021 COA 152, ¶¶ 16-18 (*cert. granted in part* Mar. 7, 2022), the
division concludes that such information falls under one of the
reason to know factors — a participant in the case informs the

court that he or she has discovered information indicating that the child is an Indian child.

In reaching this conclusion, the division rejects the reasoning of two other divisions of this court that have determined that an assertion of tribal affiliation (or heritage) does not give the court reason to know that a child is an Indian child under this factor. *See People in Interest of Jay.J.L.*, 2022 COA 43, ¶¶ 28-35; *People in Interest of A-J.A.B.*, 2022 COA 31, ¶¶ 72-77. The division reasons that our supreme court has previously determined that lineage was sufficient to trigger ICWA's notice requirements after considering similar definitions of what constituted "reason to know" or "reason to believe" that a child is an Indian child and that such an approach is consistent with the federal guidelines implementing ICWA.

The division further determines that the addition of section 19-1-126(3), C.R.S. 2021, to Colorado's ICWA-implementing statute has not changed the standard for triggering ICWA's notice requirements under 25 U.S.C. § 1912(a).

Because the record in this case does not show that proper notice was given to the appropriate tribes or the Bureau of Indian

Affairs, the division remands the case to the juvenile court to ensure compliance with ICWA's notice requirements.

COLORADO COURT OF APPEALS                                     **2022COA61**

Court of Appeals No. 21CA0760
Arapahoe County District Court No. 20JV191
Honorable Bonnie H. McLean, Judge

The People of the State of Colorado,

Appellee,

In the Interest of M.M. and E.M., Children,

and Concerning M.M. and T.M.,

Appellants.

ORDER OF LIMITED REMAND

Division I
Opinion by JUDGE DAILEY
Fox and Schutz, JJ., concur

Announced June 2, 2022

Ron Carl, Arapahoe County Attorney, Jordan Lewis, Assistant County Attorney, Aurora, Colorado, for Appellee

Alison A. Bettenberg, Sheena Knight, Guardians Ad Litem

Gregory Lansky, Office of Respondent Parents' Counsel, Aurora, Colorado, for Appellant M.M.

Pamela K. Streng, Office of Respondent Parents' Counsel, Georgetown, Colorado, for Appellant T.M.

¶ 1     In this dependency and neglect proceeding, M.M. (mother) and T.M. (father) appeal the juvenile court's judgment terminating their parent-child legal relationships with their children, M.M. and E.M. Among other issues mother raises, she contends that the record does not demonstrate compliance with the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-1963.

¶ 2     When the court knows or has reason to know that an Indian child is involved in a termination proceeding, it must ensure that notice of the proceeding is given to applicable Indian tribes or, in some circumstances, the Bureau of Indian Affairs (BIA).  However, we must decide whether father's assertion of a lineal tribal affiliation constituted a reason to know that the children are Indian children or, in the alternative, whether it required the petitioning party to exercise due diligence to gather additional information under section 19-1-126(3), C.R.S. 2021.

¶ 3     We conclude that father's assertion of a lineal tribal affiliation gave the juvenile court reason to know that the children are Indian children, thus triggering ICWA's notice requirements.  Because the record does not show that proper notice was given to the

appropriate tribes or the BIA, we remand the case to the juvenile court to ensure compliance with ICWA's notice requirements.

## I. The Juvenile Court Proceeding

¶ 4 In April 2020, the Arapahoe County Department of Human Services initiated a dependency and neglect proceeding concerning nine-year-old M.M. and ten-month-old E.M. At the initial temporary custody hearing, father, through counsel, reported that "his grandmother [is a] registered tribal member in Delaware," but that he was not sure of which tribe. Father further expounded that "[i]t's a Delaware tribe, and I think she was 100 percent." However, father was unsure of which tribe and "what their registration looks like, potentially, for him and the [children]."

¶ 5 In response to father's report, the juvenile court directed father to complete an ICWA assessment form. The court reiterated the same requirement at the next hearing but did not otherwise address ICWA's applicability at that time. Father did not submit an ICWA assessment form.

¶ 6 Later, the Department moved to terminate the legal relationships between the children and the parents. At the termination hearing in May 2021, the juvenile court determined

that ICWA was inapplicable because inquiries made by it and the Department had shown that there was "no potential Native American heritage on either parent's side." The court entered judgment terminating both parents' parental rights.

## II. ICWA

¶ 7 Mother contends that the record does not demonstrate compliance with ICWA's requirements because there was no further inquiry or notice provided based on father's report of a lineal affiliation with a Delaware tribe. The Department and the children's guardian ad litem assert that ICWA is inapplicable because, while the appeal was pending, they provided notice to the BIA and the BIA responded that no further action would be taken because the children's tribal affiliation was unknown.

¶ 8 We conclude that father's report of lineage with a Delaware tribe was sufficient to give the court reason to know that the children are Indian children and the notice that the Department provided to the BIA was inadequate.

### A. Preservation

¶ 9 To start, we recognize that, as part of a joint trial management certificate filed in anticipation of the termination hearing, the

parties agreed that "[t]hroughout the case, additional ICWA inquiries were made, and all parties maintained that the child[ren] did not have Native American heritage such that ICWA was applicable."

¶ 10 Nonetheless, ICWA's notice requirements serve the interests of Indian tribes. *People in Interest of J.O.*, 170 P.3d 840, 842 (Colo. App. 2007). Thus, they cannot be waived by a parent and may be raised for the first time on appeal. *Id.*

### B. Standard of Review and Statutory Interpretation

¶ 11 Whether ICWA applies to a proceeding is a question of law that we review de novo. *People in Interest of M.V.*, 2018 COA 163, ¶ 32. We also review de novo questions of statutory interpretation. *People in Interest of K.C. v. K.C.*, 2021 CO 33, ¶ 21.

¶ 12 In construing a statute, we consider the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and we interpret words and phrases in accordance with their plain and ordinary meanings. *Id.* In addition, statutes enacted for the benefit of Indians, as well as regulations, guidelines, and state statutes promulgated for their implementation, must be liberally construed in favor of Indian

interests.  *People in Interest of A.R.*, 2012 COA 195M, ¶ 18; *see also*

*Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985).

C.     *The Legal Framework*

¶ 13     ICWA aims to protect and to preserve Indian tribes and their

resources and to protect Indian children who are members of or are

eligible for membership in an Indian tribe.  25 U.S.C. § 1901(2), (3);

*M.V.*, ¶ 10.  ICWA recognizes that Indian tribes have a separate

interest in Indian children that is equivalent to, but distinct from,

parental interests.  *B.H. v. People in Interest of X.H.*, 138 P.3d 299,

303 (Colo. 2006); *see also Mississippi Band of Choctaw Indians v.*

*Holyfield*, 490 U.S. 30, 52 (1989).  Accordingly, in a proceeding in

which ICWA may apply, tribes must have a meaningful opportunity

to participate in determining whether a child is an Indian child and

to be heard on ICWA's applicability.  *B.H.*, 138 P.3d at 303.

¶ 14     If the court knows or has reason to know that an Indian child

is involved in a child custody proceeding, including termination of

parental rights, the petitioning party — here the Department —

must provide notice to any identified Indian tribes.  25 U.S.C.

§ 1912(a); § 19-1-126(1)(b); *see also B.H.*, 138 P.3d at 302.  To

comply with ICWA's notice provisions, the court must confirm that

5

the Department uses due diligence to identify and work with all tribes of which there is reason to know the child may be a member or eligible for membership and the child of a parent who is a member. 25 C.F.R. § 23.107(1)(b)(1) (2021); *see also People in Interest of L.L.*, 2017 COA 38, ¶ 25.

¶ 15    The Department must directly notify each tribe by registered mail with return receipt requested of the pending child custody proceeding and its right to intervene. *M.V.*, ¶ 26; *see also* 25 C.F.R. § 23.111 (2021). The notice must also include:

- the child's name, birthdate, and birthplace;

- all names known (including maiden, married, and former names or aliases) of the parents, the parents' birthdates and birthplaces, and tribal enrollment numbers, if known;

- the names, birthdates, birthplaces, and tribal enrollment information of other direct lineal ancestors of the child, such as grandparents, if known; and

- the name of each Indian tribe of which the child is a member (or may be eligible for membership if a biological parent is a member).

25 C.F.R. § 23.111(d)(1)-(4).  Copies of these notices must then be sent to the appropriate regional director of the BIA.  25 C.F.R. § 23.11(a) (2021); *see also M.V.,* ¶ 28.

### D.  *Determining When ICWA Applies*

¶ 16    The juvenile court must ask each participant on the record at the start of every child custody proceeding whether the participant knows or has reason to know that the child is an Indian child.  25 C.F.R. § 23.107(a); *L.L.,* ¶ 19.  And it must instruct the parties to inform it if they later receive information that provides reason to know that the child is an Indian child.  25 C.F.R. § 23.107(a).

¶ 17    For purposes of ICWA, an Indian child is an unmarried person under age eighteen who is either (1) a member of an Indian tribe or (2) eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe.  25 U.S.C. § 1903(4).  Thus, a child's eligibility for membership in a tribe does not, in and of itself, render the child an Indian child under ICWA.  *K.C.,* ¶ 24.

¶ 18    But ICWA does not define tribal membership.  *Id.* at ¶ 28.  Rather, membership and membership eligibility are left exclusively to the control of each individual tribe.  *Id.*  This means that a tribe's determination of membership or membership eligibility is

7

conclusive and final. *People in Interest of J.A.S.*, 160 P.3d 257, 260 (Colo. App. 2007); *see also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n.32 (1978) ("A tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community."). And the court may not substitute its own determination regarding a child's membership in a tribe, a child's eligibility for membership in a tribe, or a parent's membership in a tribe. 25 C.F.R. § 23.108(b) (2021).

¶ 19    Against this backdrop, the federal regulations implementing ICWA provide that a court has reason to know that a child is an Indian child if

> (1) Any participant in the proceeding, officer of the court involved in the proceeding, Indian Tribe, Indian organization, or agency informs the court that the child is an Indian child;
>
> (2) Any participant in the proceeding, officer of the court involved in the proceeding, Indian Tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child;
>
> (3) The child who is the subject of the proceeding gives the court reason to know he or she is an Indian child;
>
> (4) The court is informed that the domicile or residence of the child, the child's parent, or the

child's Indian custodian is on a reservation or in an Alaska Native village;

(5) The court is informed that the child is or has been a ward of a Tribal court; or

(6) The court is informed that either parent or the child possesses an identification card indicating membership in an Indian Tribe.

25 C.F.R. § 23.107(c). These factors for determining reason to know — incorporated into the Children's Code under section 19-1-126(1)(a)(II) — should be interpreted expansively. *See People in Interest of S.B.*, 2020 COA 5, ¶ 10; *M.V.*, ¶ 43.

### E. Analysis

#### 1. Reason to Know

¶ 20 The record establishes that many of the factors governing when a court has reason to know that a child is an Indian child were inapplicable. No participant informed the court that the children are Indian children. Nor did the children give the court reason to know that they are Indian children. And there is no indication that the children had lived on a reservation, had been wards of a tribal court, or had tribal identification cards.

¶ 21 As a result, we turn to the one remaining reason to know factor — a participant in the case informs the court that he or she

9

has discovered information indicating that the child is an Indian child. *See* 25 C.F.R. § 23.107(c)(2); § 19-1-126(1)(a)(II)(B). This factor does not necessarily require a parent (or another participant) to provide information definitively establishing that the child is either a member of a federally recognized Indian tribe or eligible for membership in a tribe and the biological child of a tribal member.

¶ 22    As a division of this court recently explained, information indicating that the child is an Indian child cannot have the same meaning as being informed that the child is an Indian child because holding otherwise would render one of the factors superfluous. *People in Interest of E.M.*, 2021 COA 152, ¶ 16 (*cert. granted in part* Mar. 7, 2022). Indeed, by its very terms, discovering information indicating that the child is an Indian child conveys less certainty than when a participant informs the court that the child is an Indian child. Given this distinction, the division determined that a court had reason to know under this less certain factor when it receives information showing that the child has Indian heritage connected to specific tribal groups even though the information does not establish that the child meets the definition of an Indian child. *Id.* at ¶¶ 16-18.

¶ 23 Likewise, our supreme court has determined that the threshold requirement for notice was clearly not intended to be high, and sufficiently reliable information of virtually any criteria upon which tribal membership might be based must be considered adequate to trigger ICWA's notice provisions. *B.H.*, 138 P.3d at 303-04. These criteria include, but are not limited to, lineage. *Id.* at 304.

¶ 24 In reaching this holding, the supreme court reasoned that the ability of a court to ascertain membership in a particular tribe without a tribal determination may vary greatly depending upon an individual tribe's criteria for membership, or its process for acquiring or establishing membership. *Id.* at 303. For example, while many tribes may have some form of formal enrollment or registration, others automatically include descendants of members. *Id.*; *see also In re Termination of Parental Rts. to Arianna R.G.*, 2003 WI 11, ¶ 17.

¶ 25 True, our supreme court decided *B.H.* before the current factors defining reason to know — including a participant informing the court that he or she has discovered information indicating that the child is an Indian child — were incorporated into 25 C.F.R.

§ 23.107(c) and section 19-1-126(1)(a)(II). Additionally, two other divisions of this court have subsequently determined that an assertion of tribal heritage does not give the court reason to know that a child is an Indian child under this factor. *People in Interest of Jay.J.L.*, 2022 COA 43, ¶¶ 28-35; *People in Interest of A-J.A.B.*, 2022 COA 31, ¶¶ 72-77. They emphasized that an assertion of Indian heritage connected to specific tribal ancestral groups does not, in and of itself, demonstrate a substantial chance that the child is a tribal member or eligible for membership. *Jay.J.L.*, ¶ 28; *A-J.A.B.*, ¶¶ 36, 40

¶ 26　　However, we are not persuaded by their reasoning. In determining that lineage was sufficient to trigger ICWA's notice requirements, our supreme court considered similar definitions of what constituted "reason to know" or "reason to believe" that a child is an Indian child. *See B.H.*, 138 P.3d at 303. At that time, the BIA Guidelines implementing ICWA set forth examples of circumstances that created "reason to believe," which included that

- any party to the case, or public or private agency informs the court that the child is an Indian child;

12

- any public or state-licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child; or

- an officer of the court involved in the proceeding has knowledge that the child may be an Indian child.

*Id.*; *see also* Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed. Reg. 67,584, 67,586 (Nov. 29, 1979).

¶ 27      While not the same, this second factor — any agency has discovered information which suggests that the child is an Indian child — is similar to the current reason to know factor of any participant having discovered information indicating that the child is an Indian child.  Webster's defines "suggest" as "to mention or imply as a possibility."  Webster's Third New International Dictionary 2286 (2002).  And "indicate" means "to be a sign, symptom, or index of" or "to demonstrate or suggest the necessity or advisability of."  *Id.* at 1150.  Applying these definitions, information that a parent has tribal lineage both *implies* and *is a sign* that a child is an Indian child.  Thus, a report of lineage would meet the definition of reason to know under 25 C.F.R. § 23.107(c)(2).

¶ 28    This approach is also consistent with the federal guidelines implementing ICWA.  They recognize that, in some instances, parents may not be certain of their membership status in an Indian tribe but may indicate that they are somehow affiliated with a tribe or group of tribes.  BIA, Guidelines for Implementing the Indian Child Welfare Act (Dec. 2016), https://perma.cc/3TCH-8HQM (2016 Guidelines); *see also* Notice of Guidelines for Implementing the Indian Child Welfare Act, 81 Fed. Reg. 96,476 (Dec. 30, 2016). The 2016 Guidelines further recommend that when a parent is only able to indicate a tribal ancestry group, state agencies or courts should contact each of the tribes in that ancestral group to identify whether the parent or child is a member of any such tribe.  2016 Guidelines at 18.  Although the 2016 Guidelines are not binding, they provide useful guidance in interpreting ICWA.  *M.V.*, ¶ 27.  And the principles of statutory construction governing ICWA require us to liberally construe both the reason to know factors under 25 C.F.R. § 23.107(c) and the 2016 Guidelines in favor of Indians, with ambiguous provisions interpreted to their benefit.  *See People in Interest of O.S-H.*, 2021 COA 130, ¶ 30.

¶ 29    Moreover, other divisions of this court have determined that the court has reason to know that the child is an Indian child when it receives information that the child's family may have connections to specific tribes or ancestral groups. *See S.B.*, ¶¶ 13, 21; *M.V.*, ¶¶ 43-45; *People in Interest of L.H.*, 2018 COA 27, ¶¶ 1, 11-12; *L.L.*, ¶¶ 21, 47-48. The division in *L.H.* emphasized the point that while parents may be uncertain of their membership status in an Indian tribe, they may indicate they are somehow affiliated with an ancestral group of tribes. *L.H.*, ¶ 7. And the *L.H.* division determined that, in these circumstances, the Department must notify each tribe in that ancestral group. *Id.* at ¶ 8. Another division held that a parent's identification of a tribal connection to a specific state or region may be sufficient to give a court a reason to know that a child is an Indian child. *See People in Interest of I.B-R.*, 2018 COA 75, ¶¶ 13-16.

¶ 30    Finally, we recognize that in 2019, our legislature modified Colorado's ICWA-implementing statute. *E.M.*, ¶ 19. As pertinent here, it added section 19-1-126(3), which provides that

> [i]f the court receives information that the child may have Indian heritage but does not have sufficient information to determine that there

15

is reason to know that the child is an Indian child pursuant to subsection (1)(a)(II) of this section, the court shall direct the petitioning or filing party to exercise due diligence in gathering additional information that would assist the court in determining whether there is reason to know that the child is an Indian child. The court shall direct the petitioning or filing party to make a record of the effort taken to determine whether or not there is reason to know that the child is an Indian child.

¶ 31 To be sure, this language can be read to mean that, at least in some instances, information relating to a child's Indian heritage may not rise to the level of giving a court reason to know that a child is an Indian child. Even so, the addition of section 19-1-126(3) has not changed the standard for triggering ICWA's notice requirements under 25 U.S.C. § 1912(a).

¶ 32 Recall once again that our supreme court has previously concluded that sufficiently reliable information of virtually any criteria upon which tribal membership might be based, including lineage, was adequate to trigger ICWA's notice requirements. *B.H.,* 138 P.3d at 304. We must presume that the legislature was aware of *B.H.* and its interpretation of what constituted reason to know or believe that a child is an Indian child when enacting this legislation. *See Vaughan v. McMinn,* 945 P.2d 404, 409 (Colo. 1997)

(recognizing that the legislature is presumed to be aware of the judicial precedent in an area of law when it legislates in that area). And our legislature did not expressly indicate that it was intending to change this analysis when adopting subsection (3) and other changes to section 19-1-126.

¶ 33 Further, the legislature signaled its intent to "align Colorado's statute with the updated ICWA regulations to ensure continuing compliance with federal law." Ch. 305, sec. 1, 2019 Colo. Sess. Laws 2791; *see also E.M.*, ¶ 19. Indeed, the statute directs "the court and each party to the proceeding" to "comply with the federal implementing regulations" of ICWA. § 19-1-126(1). This is significant because Congress exercises plenary power over Indian affairs. *See Cash Advance & Preferred Cash Loans v. State*, 242 P.3d 1099, 1107 (Colo. 2010).

¶ 34 In enacting ICWA, Congress authorized states, including Colorado, to extend additional protection to the rights of a parent of an Indian child. *See* 25 U.S.C. § 1921 (providing that in any case where state or federal law applicable to a child custody proceeding provides a higher standard of protection to the rights of the parent

17

of an Indian child than the rights provided under ICWA, the state court shall apply the state or federal standard).

¶ 35    But a state may not reduce the protections offered by ICWA so easily. Under the preemption doctrine, the Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal laws. *People in Interest of C.Z.*, 2015 COA 87, ¶ 24. Thus, while state statutes may clarify ICWA or add protections to child custody proceedings involving Indian children, they may not reduce the protection offered by ICWA. *In re Dependency of Z.J.G.*, 471 P.3d 853, 863 (Wash. 2020). And, here, interpreting section 19-1-126(3) to mean that a parent's report of tribal lineage (or ancestry) is not reason to know that a child is an Indian child for purposes of triggering ICWA's notice requirements under 25 U.S.C. § 1912(a) would impermissibly reduce the protections offered by ICWA.

¶ 36    For these reasons, we conclude that father's report of a lineal Delaware tribal affiliation was sufficient to give the court reason to know that the children are Indian children and, thus, to trigger ICWA's notice requirements.

## 2.     *Adequacy of Notice to BIA*

¶ 37     Having determined that the court had reason to know that the children are Indian children, we next turn to the adequacy of the notice that the Department provided following the termination proceeding.  Although the record does not clearly establish whether father reported a lineal affiliation with a Delaware tribe or a tribe in the State of Delaware, we conclude that the notice was insufficient in either circumstance.

¶ 38     To assist in identifying federally recognized tribes and their agents for service, the BIA has created lists of recognized tribes and their agents by region and by historical tribal affiliation.  *See* Designated Tribal Agents for Service of Notice, 86 Fed. Reg. 54,709 (Oct. 4, 2021); List of Designated Tribal Agents by Tribal Affiliation, https://perma.cc/K3DD-KQR5.  These lists show two federally recognized Delaware tribes that are located within the State of Oklahoma — the Delaware Tribe of Indians and the Delaware Nation.  But there are no federally recognized tribes within the State of Delaware.

¶ 39     If, on the one hand, father was indicating a lineal affiliation with a Delaware tribe, the record does not demonstrate compliance

19

with ICWA because no notice of the proceeding was given to the Delaware Tribe of Indians and the Delaware Nation. On the other hand, even if father was reporting a lineal affiliation with a tribe in the State of Delaware, the notice was inadequate because it did not alert the BIA that father had reported a tribal connection to that state. *See I.B-R.*, ¶¶ 13-16.

### III.    *Procedure on Remand*

¶ 40     We therefore remand the case for the juvenile court to expeditiously determine whether the children are Indian children before recertifying the case to our court for a decision. *See* § 19-1-109(1), C.R.S. 2021 (providing that appeals "shall be decided at the earliest practical time").

¶ 41     On remand, the juvenile court shall conduct a further inquiry of father or otherwise confirm that the Department has used due diligence to determine whether father has a lineal affiliation to a Delaware tribe or to a tribe in the State of Delaware. *See* 25 C.F.R. § 23.107(b)(1). Based on the information received through this inquiry or otherwise through the Department's due diligence, the court shall direct the Department to provide notice of the

20

proceeding to the appropriate federally recognized Delaware tribes or the BIA.

¶ 42    After receiving responses from the tribes or the BIA, or the expiration of the timeframe under 25 U.S.C. § 1912(a) or a reasonable additional time determined by the juvenile court, the court shall again enter factual findings and legal conclusions regarding the application of ICWA.

¶ 43    If the juvenile court determines that the children are Indian children, within seven days of issuance of the juvenile court's order making such determination, the Department must file notice with this court along with a copy of the juvenile court's order.  The appeal shall be recertified to permit a division of this court to issue an opinion vacating the termination judgment and remanding the case to the juvenile court with directions to proceed in accordance with ICWA.

¶ 44    If the juvenile court determines that the children are not Indian children, within seven days of issuance of the juvenile court's order making such determination, the Department must file notice with this court along with a copy of the juvenile court's order, and the appeal shall be recertified.

¶ 45 A supplemental record, consisting of the court record created on remand, is due fourteen days after recertification. Within seven days of the matter being recertified, if any party wishes to supplement the record with transcripts of hearings that occurred on remand, that party shall file a supplemental designation of transcripts with the juvenile court and this court. If supplemental transcripts are designated, the complete supplemental record, including the court record, will be due twenty-one days after the supplemental designation of transcripts was filed. And within fourteen days of recertification, mother may file a supplemental brief, not to exceed 3,500 words, limited to addressing the juvenile court's determination. If mother files a supplemental brief, then the other parties may file supplemental briefs in response, within fourteen days of the filing of the supplemental brief, not to exceed 3,500 words.

¶ 46 We further order the Department to notify this court in writing of the status of the juvenile court proceedings if this matter is not concluded within twenty-eight days from the date of this order, and to do so every twenty-eight days thereafter until the juvenile court issues its order on remand.

22

JUDGE FOX and JUDGE SCHUTZ concur.