The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 27, 2020

**2020COA35**

**No. 18CA2258, *People in Interest of K.R.* — Juvenile Court — Dependency and Neglect — Termination of the Parent-Child Legal Relationship; American Indian Law — ICWA**

In this dependency and neglect case, a special division of the court of appeals remands for the juvenile court to determine if the children are Indian children under the Indian Child Welfare Act (ICWA). The division remands because the children appear to have lineage that makes them eligible for tribal membership, but the record is silent on whether either of the children's parents is a tribal member, which is a necessary condition for ICWA to apply.

Court of Appeals No. 18CA2258
Costilla County District Court No. 17JV4
Honorable Pattie P. Swift, Judge

The People of the State of Colorado,

Appellee,

In the Interest of K.R. and S.R., Children,

and Concerning T.K.D.,

Appellant.

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE FURMAN
Bernard, C.J., and Welling, J., concur

Announced February 27, 2020

Thompson Law LLC, David A. Thompson, Creede, Colorado, for Appellee

Rebecca N. Rian, Anna N.H. Ulrich, Guardians Ad Litem

Law Office of Jennifer B. Bryan, LLC, Jennifer B. Bryan, Oak View, California, for Appellant

¶ 1     In this dependency and neglect proceeding, T.K.D. (mother) appeals the juvenile court judgment terminating her parent-child legal relationships with S.R. and K.R. (the children) and asserts that the record does not demonstrate compliance with the Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901-1963 (2018).  A division of this court agreed that the record did not demonstrate compliance with ICWA and remanded the case to the juvenile court to, among other things, ensure that appropriate notice of the termination proceeding was given to the two Sioux tribes who did not respond to the earlier notice.

¶ 2     After receiving additional notice on remand, the Oglala Sioux Tribe (the Tribe) sent a letter indicating that the children were eligible for enrollment.  Based on the Tribe's response, the juvenile court determined that ICWA's protections were triggered.  We then recertified the appeal and directed the parties to submit supplemental briefs.

¶ 3     After receiving the parties' briefs and the juvenile court record, we conclude that the record does not establish whether the children are Indian children under ICWA.  We reach this conclusion because the record is silent on whether either parent is a tribal member.  As

1

a result, we must vacate the termination judgment and remand the case to the juvenile court. On remand, the court must again determine whether the children are Indian children under ICWA. If the court determines the children are not Indian children, it may reinstate its judgment terminating mother's parental rights. But if the court determines the children are Indian children, it must then comply with ICWA's mandates.

## I. ICWA's Applicability

¶ 4 ICWA applies to any child custody proceeding, including the termination of parental rights, involving an Indian child. *People in Interest of A.R.*, 2012 COA 195M, ¶ 16. Thus, in any such proceeding, the juvenile court must consider two fundamental questions to determine whether ICWA applies to a case: (1) Does ICWA apply to this child? (2) Does ICWA apply to the proceeding? *See People in Interest of L.L.*, 2017 COA 38, ¶ 13.

¶ 5 An Indian child under ICWA is an unmarried person under the age of eighteen who is either

- a member of an Indian tribe or

- eligible for membership in a tribe and the biological child of a tribal member.

25 U.S.C. § 1903(4) (2018); *see also L.L.*, ¶ 20.  Consequently, eligibility for membership, in and of itself, is not enough to meet the definition of an Indian child.  *See State in Interest of P.F.*, 405 P.3d 755, 762 (Utah Ct. App. 2017) (recognizing that ICWA does not apply when a child is eligible for membership in a tribe but neither of the child's biological parents is a member of the tribe).

¶ 6     But ICWA does not define tribal membership.  *People in Interest of M.V.*, 2018 COA 163, ¶ 24.  Rather, membership is left to the province of each individual tribe.  *Id.*  A tribe's determination of membership or membership eligibility is conclusive and final.  *People in Interest of J.A.S.*, 160 P.3d 257, 260 (Colo. App. 2007).

¶ 7     Whether ICWA applies to a proceeding is a question of law that we review de novo.  *M.V.*, ¶ 32.

## II.  The Supplemental Record

¶ 8     The Tribe's response appears to indicate that the children have lineage that makes them eligible for tribal membership and that the Tribe is intervening in the proceeding.  But, as the Department points out, the Tribe's response does not indicate whether either parent is also a tribal member.  And while the maternal

grandmother indicated that the children have Sioux heritage, neither mother nor the children's father identified a tribal affiliation.

¶ 9   As a result, we are unable to determine from the supplemental record whether the children are Indian children under ICWA.

## III.  Conclusion

¶ 10   We vacate the judgment and remand the case to the juvenile court so that it may conduct further proceedings to determine if the children are Indian children.  On remand, the court shall direct the children's guardian ad litem and the Department to work with the Tribe to determine, as soon as possible (1) whether either parent is a tribal member; and (2) if so, whether the parent became a member before the juvenile court entered the judgment terminating mother's parental rights.  *See People in Interest of J.C.R.*, 259 P.3d 1279, 1283 (Colo. App. 2011) (concluding that ICWA's provisions were not triggered when the parent asserted the children's possible Indian heritage after the termination proceeding).

¶ 11   After receiving this information from the Tribe, the court must again determine whether the children meet the definition of Indian children under 25 U.S.C. § 1903(4).

¶ 12    If the court determines that the children are not Indian children, the court may reinstate the termination judgment. Mother may appeal from the judgment.

¶ 13    If, on the other hand, the court determines that the children are Indian children, the court must follow ICWA's procedural and substantive standards that apply when a termination proceeding concerning Indian children occurs in state court.

CHIEF JUDGE BERNARD and JUDGE WELLING concur.