The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 9, 2020

## 2020COA66

**No. 19CA0806, *Adoption of J.D.* — Juvenile Court — Dependency and Neglect — Termination of the Parent-Child Legal Relationship — Stepparent Adoption; Indian Law — ICWA— Definitions — Indian Child**

In this stepparent adoption proceeding, biological mother contends that the juvenile court erred by not applying the Indian Child Welfare Act (ICWA) after finding that the child and father were eligible for enrollment.  A division of the court of appeals disagrees.

An "Indian child" means "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]"  25 U.S.C. § 1903(4) (2018). Thus, although the child is eligible for enrollment, because the child is not a biological child of a member of an Indian tribe, the child does not meet ICWA's definition of Indian child.

COLORADO COURT OF APPEALS      **2020COA66**

Court of Appeals No. 19CA0806
Weld County District Court No. 18JA31
Honorable Ryan L. Kamada, Judge

In re the Petition of M.G.,

Appellee,

for the Adoption of J.D., a Child,

and Concerning C.D.,

Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE FURMAN
Welling and Pawar, JJ., concur

Announced April 9, 2020

Melanie Jordan, Office of Respondent Parents' Counsel, Golden, Colorado, for Appellee

Cynthia Jones Fletcher, Centennial, Colorado, for Appellant

¶ 1     In this stepparent adoption proceeding, biological mother contends that the juvenile court erred by not applying the Indian Child Welfare Act (ICWA) after finding that the child and father were eligible for enrollment in an Indian tribe.  We disagree.  Although the child is eligible for enrollment, because the child is not a biological child of a member of an Indian tribe, the child does not meet ICWA's definition of Indian child.  25 U.S.C. § 1903(4) (2018).

## I.  The Petition for Adoption

¶ 2     The child was born in 2006 to mother and J.G. (father).

¶ 3     Stepmother filed a petition for stepparent adoption and a motion to terminate mother's parental rights.  Stepmother alleged that the child may be eligible to enroll in a tribe under ICWA, 25 U.S.C. §§ 1901 to 1963 (2018).  Stepmother sent notice to various tribes, and the Comanche Nation responded that the child was eligible for enrollment.

¶ 4     After a hearing, the juvenile court terminated mother's parental rights and entered an adoption decree.  The court found that mother had abandoned the child.  Regarding ICWA, the court found that it did not apply because, although the child was eligible

for membership, she was not residing with a parent who was an enrolled member.

## II. ICWA

¶ 5     We review the juvenile court's interpretation of ICWA de novo. *People in Interest of A.R.*, 2012 COA 195M, ¶ 17.

¶ 6     ICWA applies to stepparent adoptions even where a child remains with one biological parent. *People in Interest of N.B.*, 199 P.3d 16, 19-20 (Colo. App. 2007).

¶ 7     For ICWA's substantive provisions to apply, the child must be an Indian child. *People in Interest of N.D.C.*, 210 P.3d 494, 499 (Colo. App. 2009). An "Indian child" means "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]" 25 U.S.C. § 1903(4). Thus, eligibility for membership, in and of itself, is not enough to meet the definition of an Indian child. *People in Interest of K.R.*, 2020 COA 35, ¶ 5 (citing *State in Interest of P.F.*, 405 P.3d 755, 762 (Utah Ct. App. 2017)).

¶ 8     If the party asserting the applicability of ICWA does not establish, on the record, that the child meets one or both of these

criteria, ICWA does not apply. *See People in Interest of A.G-G.*, 899 P.2d 319, 321 (Colo. App. 1995).

¶ 9 Based on the record, we conclude that the child did not meet ICWA's definition of "Indian child" under 25 U.S.C. section 1903(4). The child was not a member of the Comanche Nation. And even though the child was eligible to enroll, her father was not a member of the Tribe. Rather, he was only eligible for enrollment.

¶ 10 And mother does not assert that she is affiliated with any Tribe.

¶ 11 Because the child was not an "Indian child" under ICWA, we further conclude that the juvenile court did not have to use the higher burden of proof (beyond a reasonable doubt).

¶ 12 We note that mother does not challenge the evidence or the juvenile court's findings regarding the termination of her parental rights.

¶ 13 Accordingly, we discern no basis for reversal.

### III. Conclusion

¶ 14 The judgment is affirmed.

JUDGE WELLING and JUDGE PAWAR concur.